ACCEPTED
01-15-00471-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/10/2015 3:31:35 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00471-CV

### IN THE FIRST COURT OF APPEALS
### AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/10/2015 3:31:35 PM
CHRISTOPHER A. PRINE
Clerk

### IN RE DANIEL W. WARREN, BENEFICIARY OF THE DANIEL STEVEN WEINER 1996 TRUST, RELATOR

*On Petition for Writ of Mandamus*
*From Probate Court No. 4*
*Of Harris County, Texas*
*The Honorable Christine Butts, Presiding*
*Cause No. 425,576-401*

### REAL PARTY IN INTEREST ANDY I. WEINER, AS CO-TRUSTEE OF THE DANIEL STEVEN WEINER 1996 TRUST'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Sarah Patel Pacheco
(State Bar No. 00788164)
C. Henry Kollenberg
(State Bar No. 11667800)
Kathleen Tanner Beduze
(State Bar No. 24052205)
CRAIN, CATON & JAMES, P.C.
1401 McKinney St., Suite 1700
Houston, Texas 77010
(713) 658-2323 (Telephone)
(713) 658-1921 (Facsimile)
spacheco@craincaton.com
hkollenberg@craincaton.com
kbeduze@craincaton.com

ATTORNEYS FOR REAL PARTY
IN INTEREST ANDY I. WEINER

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

STATEMENT REGARDING RECORD AND PARTY REFERENCES .............. iv

STATEMENT REGARDING ORAL ARGUMENT ............................................v

ISSUE PRESENTED ....................................................................................... vi

OVERVIEW ....................................................................................................1

STATEMENT OF FACTS ................................................................................4

    A.    Facts Relating to the Mandamus Proceeding. .....................................5

    B.    Procedural Background of Trial Court Proceeding.............................7

ARGUMENT AND AUTHORITIES....................................................................13

    A.    Standard of Review. .......................................................................13

    B.    A nonsuit under Rule 162 does not dismiss cross-claims between co-defendants. ........................................................................14

    C.    After Daniel's nonsuit, Judge Butts properly conducted hearings relating to the cross-claims by Mr. Weiner against Ms. Warren.......................................................................................15

CONCLUSION AND PRAYER ........................................................................22

CERTIFICATE OF SERVICE .........................................................................23

CERTIFICATION ..........................................................................................24

INDEX TO APPENDIX ..................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*Ault v. Mulanex*, 724 S.W.2d 824 (Tex. App.—Texarkana 1986, orig. proceeding) ........................................................................ 18, 19

*Beacon Nat'l Ins. v. Montemayor*, 86 S.W.3d 260 (Tex. App.—Austin 2002, no pet.) ...............................................................................16

*BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838 (Tex. 1990) ................. 15, 17

*Braden v. Marquez,* 950 S.W.2d 191 (Tex. App.—El Paso 1997)..........................14

*Christus Health v. Ragsdale*, 2011 WL 3854145 (Tex. App.—Corpus Christi, 2001) ...........................................................................21

*Greenberg v. Brookshire*, 640 S.W.2d 870 (Tex. 1982)................................... 18, 19

*In re Bennett*, 960 S.W. 35 (Tex. 1997)...................................................................16

*In re El Paso Healthcare Sys.,* 969 S.W.2d 68 (Tex. App.—El Paso 1998) ...............................................................................14

*In re Ford Motor Co.,* 988 S.W.2d 714 (Tex. 1998) ...............................................13

*In re Kuntz,* 124 S.W.3d 179 (Tex. 2003)......................................................... 13, 14

*In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124 (Tex. 2004)...............................13

*Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex. 1985)........................13

*Peek v. Equip. Serv.*, 779 S.W.2d 802 (Tex. 1989) ................................................16

*TDCJ v. Miller*, 51 S.W.3d 583 (Tex. 2001) ..........................................................16

*Tex. Mutual Insurance Company v. Ledbetter*, 251 S.W.3d 31 (Tex. 2008) ........................................................................ vi, 3, 14, 15, 16, 21

*Ulloa v. Davila*, 860 S.W.2d 202 (Tex. App.—San Antonio 1993, no writ)..................................................................................................17

*Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98 (Tex. 2006)....................................................15

*Walker v. Packer,* 827 S.W.2d 833 (Tex. 1992).....................................................13

*Zanchi, M.D. v. Lane*, 349 S.W.3d 97 (Tex. 2001) ................................................20

**Statutes**

TEX. PROP. CODE § 115.011 ........................................................ 3, 16, 20

**Rules**

Rule 2.2, Rules of the Probate Courts of Harris County, Texas ..............................16

TEX. R. CIV. P. 162 ........................................................ 3, 14, 15, 17

## STATEMENT REGARDING RECORD AND PARTY REFERENCES

Relator filed a Petition for Writ of Mandamus with Exhibits identified as Tab A through O attached as Relator's mandamus record. References to these exhibits comprising the Relator's record in support of his Petition for Writ of Mandamus are shown as ("Rel. Tab ___, Ex. ___") with the Tab letter and Exhibit letter, as appropriate, in the blanks.

References to the Appendix to this brief will be listed by the corresponding exhibit number, i.e., App. 1, and refers to the exhibits attached in the Appendix to this Response comprising the Real Party in Interest's record in support of his Response to Relator's Petition for Writ of Mandamus.

Relator Daniel W. Warren f/k/a Daniel Steven Weiner, as beneficiary of the Daniel Steven Weiner 1996 Trust is referred to as "Daniel" in this Response.

Respondent The Honorable Christine Butts of Probate Court No. Four (4) of Harris County, Texas is referred to as "Judge Butts" in this Response.

Real Party in Interest Andy I. Weiner, as Co-Trustee of the Daniel Steven Weiner 1996 Trust, is referred to as "Mr. Weiner" in this Response.

Katherine Warren f/k/a Katherine Weiner, as Co-Trustee of the Daniel Steven Weiner 1996 Trust, is referred to as "Ms. Warren" in this Response.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Weiner believes that oral argument is not necessary in this proceeding, but requests the opportunity to present oral argument if the Court determines it is appropriate.

## ISSUE PRESENTED

Pursuant to Rule 162 and the Texas Supreme Court's decision in *Tex. Mutual Insurance Company v. Ledbetter*, 251 S.W.3d 31 (Tex. 2008), after Daniel nonsuited his claims, pending cross-claims between the defendants still remained. Did Judge Butts abuse her discretion by following the law and continuing to exercise jurisdiction in the claims between the two co-defendants?

## IN THE FIRST COURT OF APPEALS
## AT HOUSTON, TEXAS

## IN RE DANIEL WARREN, BENEFICIARY OF THE DANIEL STEVEN WEINER 1996 TRUST, RELATOR

## REAL PARTY IN INTEREST ANDY I. WEINER, AS CO-TRUSTEE OF THE DANIEL STEVEN WEINER 1996 TRUST'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE FIRST COURT OF APPEALS:

Real Party in Interest Andy I. Weiner, as Co-Trustee of the Daniel Steven Weiner 1996 Trust, files this Response to Relator Daniel Steven Weiner's Petition for Writ of Mandamus, and respectively shows the Court as follows:

## **OVERVIEW**

In 2013, Daniel's mother, Ms. Warren, as next friend of Daniel and as co-trustee of the Daniel Steven Weiner 1996 Trust (the "Trust"), instigated a lawsuit in Probate Court No. 4 of Harris County, Texas (the "Probate Court") against Mr. Weiner, as co-trustee of the Trust. Initially, due a separate lawsuit pending in family court, the Probate Court granted Mr. Weiner's Plea to the Jurisdiction,

1

dismissing Daniel's lawsuit. At that time, Ms. Warren argued that this case belonged in Probate Court.[1]

On April 22, 2014, upon turning 18, Daniel intervened in his older brother David Warren f/k/a David Weiner's lawsuit against Mr. Weiner.[2] After several months of motion practice with Daniel as an intervenor, including Mr. Weiner's cross-claims against Ms. Warren, Daniel was ordered to re-file his claims under a new cause number in Probate Court No. 4 – Cause No. 425,576-401.

Now, after successfully arguing that the Probate Court had jurisdiction and causing Mr. Weiner to incur thousands of dollars of defense costs – at both the trial court level and appellate level – Daniel (and his brothers who had likewise filed lawsuits against Mr. Weiner with Ms. Warren's assistance) attempted to suddenly nonsuit his claims and initiate a duplicate suit in the 133rd Judicial District Court of Harris County, Texas, Cause No. 2015-19320 (the "District Court Lawsuit"). Daniel did so on March 10, 2015, two and a half years later and less than four months before trial was to begin in the Probate Court.

---

[1] Cause No. 425,578 is a lawsuit similar to Daniel's, brought by his younger brother, M.H.W., against Mr. Weiner. Like Daniel's lawsuit, the Probate Court granted Mr. Weiner's Plea to the Jurisdiction due to jurisdictional defects. However, unlike Daniel, M.H.W., by and through Ms. Warren as next friend, appealed the Court's Order. Cause No. 01-13-01077-CV; *Katherine R. Warren, as next friend of M.H.W., a minor, beneficiary of the M.H.W. 2000 Trust v. Andy I. Weiner, Trustee of the M.H.W. 2000 Trust*. The First Court of Appeals agreed with M.H.W.'s argument in the Probate Court, holding that the Probate Court, not the Family Court, had jurisdiction.

[2] Cause No. 425577; *In re: David Abraham Weiner 1994 Trust*, pending in the Probate Court No. 4 of Harris County, Texas ("David's Case").

2

Despite Daniel's attempt to shop for a new judge/court, a nonsuit did not strip the Probate Court of jurisdiction, as Mr. Weiner had pending counterclaims and also filed a new pleading, immediately rejoining Daniel as a party.

The basis for this mandamus is that Daniel's nonsuit dismissed the entire case, including the affirmative claims pending at the time by Mr. Weiner against his co-defendant, Ms. Warren. This theory flies in the face of the text of Rule 162 of the Texas Rules of Civil Procedure and has specifically been rejected by the Texas Supreme Court as recently as 2008, as follows:

> … Rule 162 is not limited to affirmative claims *against the nonsuiter;* it prohibits dismissal if the effect would be to prejudice any pending claim for affirmative relief, period.

*Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 38 (Tex. 2008) (emphasis in original). In short, this mandamus proceeding is based upon a misinterpretation of Rule 162. TEX. R. CIV. P. 162. And, appears to be the latest tactic to drive up court costs in an attempt to forum shop, which has been the pattern of practice of Daniel, Ms. Warren and Daniel's brothers over the past two years.

Daniel also complains about a hearing on Mr. Weiner's request for substituted service relating to his Counter and Cross-Petition in the Probate Court.[3] This hearing occurred after Daniel's nonsuit, when he claims he was not a party to

---

[3] Daniel is a necessary party to the Counter and Cross-Petition because he is the primary beneficiary of the Trust at issue in the litigation. *See* TEX. PROP. CODE § 115.011.

the Probate Court proceeding, but prior to a hearing on Daniel's Plea to the Jurisdiction, which Judge Butts denied. The Probate Court had jurisdiction to conduct the hearings that it did.

Significantly, Ms. Warren is not a party to this Petition for Writ of Mandamus.

Daniel's explanation for his forum shopping is not made part of his appellate record, but, what is clear is that Daniel, by and through his counsel of record, Carol Cantrell, has egregiously misused the legal system with his vexatious attacks fraught with unsupported allegations against his father, Mr. Weiner.[4]

## STATEMENT OF FACTS

Daniel's Petition for Writ of Mandamus has an extensive discussion of the entire history of this litigation. This brief will first summarize the facts and procedural history actually relating to the instant mandamus proceeding, and, thereafter, provide a thorough procedural history, so that this Court is fully aware of the litigious nature of this case and those closely intertwined to it.

---

[4] In addition to Daniel's lawsuit, Mr. Weiner has been sued by his other two sons, David Warren and M.H.W., a minor child, in Probate Court No. 4 of Harris County, Texas. The three lawsuits are factually and legally similar, as they relate to trusts with provisions similar to those in the Trust.

4

## A. *Facts Relating to the Mandamus Proceeding.*

On April 22, 2014, upon turning 18, Daniel filed his Petition in Intervention in Cause No. 425,577, in Probate Court No. 4 of Harris County, Texas ("David's Case"). Rel. Tab K.

On July 2, 2014, Mr. Weiner filed his Cross-Claims against Ms. Warren in David's Case (in which Daniel was an intervenor), seeking to hold Ms. Warren equally responsible for (1) all actions and alleged inactions of the trustees, (2) all claimed damages and relief sought by David and Daniel, (3) all violations of the Trust agreements, including any scheme of collusion, (4) the preparation of an accounting, and (5) payment of one-half of Mr. Weiner's attorneys' fees and costs. App. 1.

On October 24, 2014, Mr. Weiner filed his Second Amended Cross-Claims against Ms. Warren. Rel. Tab. M.

On December 1, 2014, per Court order, Daniel filed his Original Petition in Cause No. 425,577-401. Rel. Tab L.

On March 10, 2015, Daniel nonsuited his claims against Mr. Weiner in the Probate Court. Rel. Tab A.

On March 24, 2015, Mr. Weiner further clarified his claims and sought a construction of various disputed provisions of the Trust by filing his Counter and

Cross-Petition in the Probate Court, which joined Ms. Warren and Daniel, primary beneficiary of the Trust, as parties to the lawsuit. Rel. Tab B.

Thereafter, Mr. Weiner immediately requested for service to be initiated on Daniel and Ms. Warren.

On April 2, 2015, Daniel, along with his brothers, David Warren f/k/a Daniel Weiner ("David") and M.H.W.[5], jointly filed an Original Petition in the District Court Lawsuit, asserting the exact same claims he had nonsuited a month before. App. 2.

On April 9, 2015, Mr. Weiner filed a Motion for Substituted Service, requesting alternate service of his Cross and Counter-Petition on Daniel, as Daniel was actively evading service of process. Rel. Tab C.

On April 17, 2015, Daniel filed his Plea to the Jurisdiction. Rel. Tab F.

On April 21, 2015, Judge Butts conducted a hearing on Mr. Weiner's Motion for Substituted Service and granted same. Rel. Tab C. Carol Cantrell was in attendance at this hearing and appeared on behalf of her client, Daniel.

On May 13, 2015, Judge Butts conducted a hearing on Daniel's Plea to the Jurisdiction and denied same. Rel. Tab C. Carol Cantrell likewise attended and made an appearance at this hearing on behalf of her client, Daniel.

On April 29, 2015, Daniel filed his Petition for Writ of Mandamus.

---

[5]    Ms. Warren has appeared as next friend of M.H.W., a minor child.

### B. *Procedural Background of Trial Court Proceeding.*

On March 20, 1996, Mr. Weiner and Ms. Warren established the Trust for the benefit of their then-minor son, Daniel. Rel. Tab G, Ex. A. The irrevocable Trust agreement provides that Daniel is the primary beneficiary and Mr. Weiner and Ms. Warren are the original co-trustees. Rel. Tab G, Ex. A. In the event they are not able to serve, the Trust agreement provides that Bayle Weiner Drubel, Mr. Weiner's sister, shall serve as successor trustee. Rel. Tab G, Ex. A.

Mr. Weiner's parents, Daniel's grandparents, primarily funded the Trust with the desire to provide for Daniel's education.

After Daniel's grandparents' generous gifts, Ms. Warren systematically excluded Mr. Weiner and his family from Daniel's life, as well as the lives of his two brothers, David and M.H.W.

On January 6, 2011, Ms. Warren filed for divorce from Mr. Weiner. Pursuant to an Agreed Decree of Divorce (the "Divorce Decree") entered into by the 309th Judicial District Court of Harris County, Texas in Cause No. 2011-01040 (the "Family Court"), Mr. Weiner and Ms. Warren were divorced on March 29, 2012. Rel. Tab G, Ex. B. Prior to and subsequent to the parties' divorce, Ms. Warren has alienated Daniel and his brothers from Mr. Weiner and she has failed to comply with the terms of the Divorce Decree.

On September 30, 2013, Ms. Warren, as next friend of Daniel and as co-trustee of the Trust, filed a lawsuit against Mr. Weiner. She sought to terminate the Trust and distribute the Trust funds to a Uniform Transfers to Minors Act account, so she could have sole and exclusive control of the trust assets in contradiction to the terms of the Trust agreement and the Divorce Decree. Rel. Tab G.

On October 23, 2013, Mr. Weiner filed a Plea to the Jurisdiction, Plea in Abatement and, subject thereto, Answer to Petition for Termination of Trust, alleging that the Family Court had jurisdiction over the claims brought by Daniel and M.H.W. because they related to the divorce proceeding. App. 3.

On November 21, 2013, the Probate Court granted Mr. Weiner's Plea to the Jurisdiction. App. 4.

On April 22, 2014, after turning 18, Daniel filed his Original Petition in Intervention in David's Case.[6] Rel. Tab. K. Daniel named both Mr. Weiner and Ms. Warren as parties, as both are co-trustees of the Trust, but only alleged claims against Mr. Weiner.

On July 2, 2014, Mr. Weiner filed his Cross-Claims against Ms. Warren seeking to hold Ms. Warren equally responsible for (1) all actions and alleged inactions of the trustees, (2) all claimed damages and relief sought by David and

---

[6] Daniel had attained the age of eighteen prior to intervening in David's Case.

8

Daniel, (3) all violations of the Trust agreements, including any scheme of collusion, (4) the preparation of an accounting, and (5) payment of one-half of Mr. Weiner's attorneys' fees and costs. App. 1.

On July 8, 2014, Mr. Weiner filed his First Supplement to Original Answer, alleging, among other claims and defenses, that Daniel has no standing to intervene in David's case. App. 5.

On July 15, 2014, Mr. Weiner filed his Motion for Partial Traditional Summary Judgment. App. 6.

On August 7, 2014, Mr. Weiner filed his First Supplement to Cross-Claims against Ms. Warren, incorporating, by reference, the cross-claims and factual background supporting same contained within his Motion for Partial Traditional Summary Judgment. App. 7.

Also on August 7, 2014, David and Daniel (as Intervenor in David's Case) nonsuited their claims against Ms. Warren in Cause No. 425,577. Rel. Tab J.

On August 26, 2014, Mr. Weiner filed his First Amended Cross-Claims against Ms. Warren. App. 8

On August 27, 2014, the Court signed an Agreed Docket Control Order, binding on Mr. Weiner, David and Daniel (as intervenor), in Cause No. 425,577. App. 9.

On September 8, 2014, pursuant to an order of the Probate Court, Daniel filed a Motion to Sever in David's Case. App. 10.

On September 25, 2014, the Probate Court partially granted and partially denied Mr. Weiner's Motion for Partial Traditional Summary Judgment finding, pursuant to the terms of David's Trust (which are identical to the provisions of Daniel's Trust), that: (i) a trustee of the trust may retain, invest or reinvest in assets unproductive of interest and wasting assets, (ii) the diversification required under the Texas Trust Code and Texas common law, if any, does not apply to the Trust; (iii) Mr. Weiner and Ms. Warren had a duty to jointly administer the Trust; (iv) in order to delegate her powers or duties to Movant as co-trustee of the Trust, Ms. Warren must have filed a written instrument with the records of the Trust; and (v) Mr. Weiner has no liability relating to his actions as trustee other than for acts and omissions found to be made with gross negligence, bad faith or fraud. App. 11.

On October 24, 2014, Mr. Weiner filed his Second Amended Cross-Claims against Ms. Warren in Cause No. 425,577. Rel. Tab M. As clearly expressed in the Second Amended Cross-Claims, Mr. Weiner's cross-claims relate to both the Trust and the David Abraham Weiner 1994 Trust because, at the time of filing, Daniel's intervention had not yet been severed into its own cause of action. Rel. Tab M.

On November 5, 2014, the Probate Court granted Daniel's court-ordered Motion to Sever, severing out the claims he had filed in David's Case, as an intervenor. App. 12.

On November 17, 2014, the Probate Court signed an Amended Order on Motion to Sever. Rel. Tab F, Ex. B.

On December 1, 2014, per Court order, Daniel filed his Original Petition in Cause No. 425,577-401. Rel. Tab L.

On February 20, 2015, the Probate Court compelled Ms. Warren to appear for her deposition. App. 13.

On March 10, 2015, Daniel nonsuited his claims in in the Probate Court against Mr. Weiner. Rel. Tab A.

On March 18, 2015, Ms. Warren cross-noticed her own deposition, advising that Carol Cantrell, counsel for Daniel and David, would be in attendance at Ms. Warren's court-ordered deposition. App. 14. Despite her clients having nonsuited his claims against Mr. Weiner, Ms. Cantrell attended Ms. Warren's court-ordered deposition.

On March 24, 2015, Mr. Weiner filed his Counter and Cross-Petition. Rel. Tab B. In his Counter and Cross-Petition, Mr. Weiner (1) asked for the Court to construe the language of the Trust agreement; (2) alleged the following cross/counterclaims against Ms. Warren: breaches of fiduciary duty,

11

reimbursement, removal as trustee, tortious interference with administration; and (3) requested the appointment of a corporate trustee. Rel. Tab B, p. 5-11. While no monetary claims were brought against Daniel, he was joined as a necessary party because he is the primary beneficiary of the Trust and construction of the Trust agreement was one of the issues raised in the Counter and Cross-Petition. Rel. Tab B, p. 1.

On March 24, 2015, Mr. Weiner's counsel took Ms. Warren's court-ordered deposition, attended by Ms. Cantrell. App. 13.

On April 2, 2015, Daniel, alongside his brothers David and M.H.W. filed the District Court Lawsuit against Mr. Weiner, asserting the very same claims they had each alleged in their respective lawsuits in the Probate Court.[7] App. 2.

On April 9, 2015, Mr. Weiner filed his Motion for Substituted Service, requesting alternate service of his Cross and Counter-Petition on Daniel, as he was actively evading service of process. Rel. Tab C.

On April 29, 2015, Daniel filed his Petition for Writ of Mandamus.

Trial in the Probate Court proceeding was originally set to begin the week of July 6, 2015, but has been passed because this Court granted Daniel's Emergency Motion to Stay pending resolution of his Petition for Writ of Mandamus.

---

[7] Cause No. 2015-19320; *David W. Warren, Daniel W. Warren, and Katherine R. Warren, as next friend of M.H.W., a minor, v. Andy I. Weiner, trustee*; In the 133rd Judicial District of Harris County, Texas.

## ARGUMENT AND AUTHORITIES

### A.    *Standard of Review.*

Mandamus relief is appropriate when a trial court abuses its discretion and there is no adequate remedy by appeal. *In re Kuntz,* 124 S.W.3d 179, 180 (Tex. 2003); *In re Ford Motor Co.,* 988 S.W.2d 714, 718 (Tex. 1998); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992) (mandamus will issue only to correct clear abuse of discretion). The Texas Supreme Court has held that "[a]n appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex. 2004). A clear abuse of discretion, warranting correction by mandamus, occurs when a court issues a decision which is without a legal basis, or support in guiding principles of law. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985).

A trial court's determination of a factual issue is entitled to deference in a mandamus proceeding and should not be set aside unless it is clear from the record that only one decision could have been reached. *In re Kuntz,* 124 S.W.3d at 181; *Walker,* 827 S.W.2d at 839–40. Even if the reviewing court would have decided the issue differently, it cannot disturb the Probate Court's decision unless it is shown to be arbitrary and unreasonable. *Walker,* 827 S.W.2d at 840. In contrast, a

13

trial court has no discretion in determining what the law is or in applying the law to the facts. *In re Kuntz,* 124 S.W.3d at 181; *Braden v. Marquez,* 950 S.W.2d 191, 193 (Tex. App.—El Paso 1997). Therefore, a failure by the Probate Court to analyze or apply the law correctly, as when a discovery order conflicts with the Texas Rules of Civil Procedure, constitutes an abuse of discretion. *In re Kuntz,* 124 S.W.3d at 181; *In re El Paso Healthcare Sys.,* 969 S.W.2d 68, 72 (Tex. App.—El Paso 1998).

Daniel's complaint in his Petition is that Judge Butts lacked jurisdiction to conduct hearings on Mr. Weiner's Motion for Substitute Service and Daniel's Plea to the Jurisdiction. As further discussed below, this complaint is not appropriate for mandamus relief and, accordingly, Daniel's Petition should, in all respects, be denied.

### B. *A nonsuit under Rule 162 does not dismiss cross-claims between co-defendants.*

The thrust of this mandamus is based upon a completely erroneous legal proposition.

Daniel alleges that the filing of his nonsuit rendered Mr. Weiner's cross-claims against Ms. Warren a nullity. But, Rule 162 does not limit the claims for affirmative relief to those asserted against the plaintiff. As the Texas Supreme Court stated in *Tex. Mutual Insurance Company v. Ledbetter*:

14

It is true the carrier here sought no affirmative relief *from the plaintiffs*, seeking instead reimbursement from the funds the defendants were about to pay them. But Rule 162 is not limited to affirmative claims *against the nonsuiter;* it prohibits dismissal if the effect would be to prejudice any pending claim for affirmative relief, period.

*Ledbetter*, 251 S.W.3d at 38 (emphasis in original).

Rule 162 of Texas Rule of Civil Procedure governs dismissal and nonsuits. Rule 162 provides that "[a]ny dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." TEX. R. CIV. P. 162. A claim for affirmative relief is one "on which the claimant could recover compensation or relief even if the plaintiff abandons his cause of action." *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006); *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990).

### C. *After Daniel's nonsuit, Judge Butts properly conducted hearings relating to the cross-claims by Mr. Weiner against Ms. Warren.*

While convoluted at best, it appears that Daniel's mandamus petition asserts that Judge Butts abused her discretion in conducting hearings on Mr. Weiner's Motion for Substituted Service and Daniel's Plea to the Jurisdiction after Daniel's nonsuit. She did not.

Judge Butts conducted a hearing on Mr. Weiner's Motion for Substituted Service relating to service of process on Daniel to re-join him as a necessary party

15

to the Cross and Counter-Petition. Rel. Tab E, p. 28-30. Likewise, Judge Butts conducted a hearing on Daniel's Plea to the Jurisdiction and denied same on May 13, 2015. Rel. Tab C; Rel. Tab. E-1.

While Daniel's nonsuit may have withdrawn his claims against Mr. Weiner, it does not affect any pending claims for affirmative relief made by Mr. Weiner, against his co-defendant, Ms. Warren. *Ledbetter*, 251 S.W.3d at 37-38; *In re Bennett*, 960 S.W. 35, 38 (Tex. 1997). And, while a party has an absolute right to nonsuit their *own* claims, a party cannot nonsuit *someone else's* claims they are trying to avoid. *Ledbetter*, 251 S.W.3d at 37.

So long as the plaintiff pleads enough facts to affirmatively demonstrate the Probate Court has jurisdiction over the suit, a court's jurisdiction attaches upon filing a lawsuit. TEX. PROP. CODE § 115.011; *TDCJ v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). And, unless the pleadings demonstrate the absence of jurisdiction, the court will assume it has jurisdiction over the case. *Peek v. Equip. Serv.*, 779 S.W.2d 802, 804 (Tex. 1989); *Beacon Nat'l Ins. v. Montemayor*, 86 S.W.3d 260, 266 (Tex. App.—Austin 2002, no pet.). So, even if the Probate Court had "lost" its jurisdiction upon Daniel's nonsuit – which Mr. Weiner vehemently disputes – the Probate Court "re-gained" jurisdiction upon the proper filing of Mr. Weiner's

16

Cross and Counter-Petition in the Probate Court.[8]

Daniel's request for dismissal is misguided, as Mr. Weiner's affirmative claims against Ms. Warren were properly in front of the Probate Court prior to the filing of Daniel's nonsuit. At the time of Daniel's nonsuit, Mr. Weiner had the following pending cross-claims against Ms. Warren: (1) contribution, (2) breaches of fiduciary duty, (3) removal of trustee, (4) tortious interference with administration, and (5) attorneys' fees and costs. Rel. Tab M. Despite Daniel's argument to the contrary, Mr. Weiner's claims are claims for affirmative, monetary relief, not merely derivative claims. TEX. R. CIV. P. 162; *Millard*, 800 S.W.2d at 840-41 (defendant's request for declaratory judgment seeking resolution of continuing issues is not derivative); *Ulloa v. Davila*, 860 S.W.2d 202, 204 (Tex. App.—San Antonio 1993, no writ) (counterclaim did more than resist plaintiff's suit).

Daniel alleges that Mr. Weiner's Second Amended Cross-Claims were not a part of Daniel's severed case. Rel. Tab F, Ex. B. This is incorrect. Mr. Weiner's Second Amended Cross-Claims were filed on October 24, 2014 – *prior to* Daniel's intervention being severed into its own cause number, Cause No. 425,577-401. Rel. Tab. M; Rel. Tab. F, Ex. B. The Court signed its Order severing out Daniel's

---

[8] In accordance with Rule 2.2 of the Rules of the Probate Courts of Harris County, Texas, Mr. Weiner filed the Cross and Counter-Petition in the same Cause Number assigned to the Trust.

claims on November 5, 2014. App. 10. The Court signed its Amended Order on Motion to Sever on November 17, 2014. Rel. Tab. F, Ex. B.

To give credence to Relator's argument that the Second Amended Cross-Claims were not a part of Daniel's severed case would elevate form over substance. The clear purpose of the Court's orders was to sever out all claims Daniel had filed as an intervenor into a new case, which clearly includes Mr. Weiner's cross-claims. In fact, the Court's Amended Order on Motion to Sever specifically states that "all prior discovery, orders, motions, responses and answers pertaining to Daniel W. Warren in Cause No. 425,577 shall apply in the same manner as if such had occurred in Cause No. 425,576-401…" Rel. Tab. F, Ex. B. Clearly, the Court intended for <u>all</u> filings in David's Case that related to Daniel's intervention, whether specifically delineated or not, to be included in the severed action, Cause No. 425,577-401. Rel. Tab. F, Ex. B. This includes Mr. Weiner's Second Amended Cross-Claims against Ms. Warren.

In support of his request for the lawsuit to be dismissed, despite Mr. Weiner's valid pending claims, Daniel relies upon two cases – *Greenberg v. Brookshire* and *Ault v. Mulanex*. *Greenberg v. Brookshire*, 640 S.W.2d 870 (Tex. 1982); *Ault v. Mulanex*, 724 S.W.2d 824 (Tex. App.—Texarkana 1986, orig. proceeding). As discussed below, these cases are readily distinguishable from the instant case.

18

*Greenberg* was a divorce action between two parties wherein the trial court conducted a hearing on an amended pleading (a counterclaim) after the husband nonsuited his claims. *Greenberg*, 640 S.W.2d 870 (parties to lawsuit were husband and wife). The Texas Supreme Court held that the trial court was in error by conducting a hearing on the wife's counterclaim after the husband's nonsuit because the husband had an absolute, unqualified right to a nonsuit. *Greenberg*, 640 S.W.2d at 872. Here, Mr. Weiner does not challenge – and has never challenged – Daniel's right to nonsuit his claims. However, at the time of the nonsuit, Mr. Weiner had valid claims pending against Ms. Warren, which prevents dismissal of the case in its entirety.

*Ault* is also a divorce proceeding, specifically involving custody and child support issues between two parties. *Ault v. Mulanex*, 724 S.W.2d at 828. Notwithstanding the factual differences, the legal question at issue involved two court's competing dominant jurisdiction at the time of the nonsuit. *Id*. at 828. This was not the issue in the Probate Court nor is it a proper issue on appeal.

Neither *Greenberg* nor *Ault* are instructive to the Probate Court, as the factual and legal matters at issue in the respective cases are clearly different and irrelevant to the case at hand. Simply stated, prior to Daniel's nonsuit, there were three parties to the Probate Court proceeding – Daniel (former plaintiff), Mr.

19

Weiner (former defendant, current plaintiff), and Ms. Warren (former defendant and cross-defendant, current defendant).

Shortly after Daniel filed his nonsuit, Mr. Weiner filed his pleading entitled Counter and Cross-Petition against Ms. Warren, as defendant, and Daniel, as a necessary party.[9]  In his Counter and Cross-Petition, Mr. Weiner alleged the following claims against Ms. Warren: (1) construction of the Trust Agreement, (2) breach of fiduciary duty, (3) reimbursement, (4) removal of Ms. Warren as trustee, (5) tortious interference with administration, and (6) petition to modify trust and request for appointment of a corporate trustee.  Rel. Tab B.

Contrary to Daniel's argument, upon filing the Counter and Cross-Petition, Ms. Warren and Daniel became parties to the litigation.  *Zanchi, M.D. v. Lane*, 349 S.W.3d 97 (Tex. 2001).  Thus, in accordance with the Texas Supreme Court, Daniel was rejoined as a party to the litigation once the Counter and Cross-Petition was filed. Though judgment cannot be rendered against a party until the party is properly served, the instant a case is filed, an individual becomes a party.  *Zanchi*, 349 S.W.3d at 101.  Daniel was served with process, albeit through substituted service, on May 5, 2015. App. 15; App. 16.

Mr. Weiner filed his Counter and Cross-Petition, reinstituting some of the same claims originally brought by Daniel, including construction of the Trust.  By

---

[9]     Because Daniel is the primary beneficiary of the Trust, he is a necessary and interested party to the instant proceeding.  TEX. PROP. CODE § 115.011 (b)(1).

20

doing so, the Probate Court "re-gained" its jurisdiction assuming, *arguendo*, that it lost such jurisdiction, as Daniel argues. The Counter and Cross-Petition constituted a new lawsuit, the filing of which relates back to the original lawsuit filed by Daniel. *Christus Health v. Ragsdale*, 2011 WL 3854145 (Tex. App.— Corpus Christi, 2001).

As Judge Butts opined:

> …Just quite simply: We view the pleading filed on March 24[th] by Andy Weiner whose counter and cross-petition, we view that as an original petition. I mean, I know it's titled, 'Counter and Cross-Petition' but we view it as an original petition.

Rel. Tab E-1, p. 21, lines 19-24.

Thus, even if Daniel's argument that there was no valid, existing lawsuit after he filed his nonsuit is valid, Mr. Weiner reinstituted a lawsuit on March 24, 2015 with the filing of his Counter and Cross-Petition, joining Ms. Warren and Daniel as parties. Thus, the District Court Lawsuit was filed second and the Probate Court retained its jurisdiction.

Despite the continued gamesmanship of Daniel and his mother, Ms. Warren, their persistent litigious acts, blatant misstatements of facts, and desire to forum shop, Daniel's nonsuit does not summarily dismiss the claims brought by Mr. Weiner in the Probate Court. Daniel's nonsuit only eliminated his claims against Mr. Weiner. Once again, even though he would prefer to proceed with his lawsuit in District Court, Daniel cannot – by any fraction of the law – nonsuit Mr.

Weiner's claims against Ms. Warren. *Ledbetter*, 251 S.W.3d at 38. As Judge Butts appropriately opined, upon hearing argument relating to Daniel's Plea to the Jurisdiction:

> I'm not going to dismiss it. And I could be wrong on when I sign this order on the plea to the jurisdiction. I guess, I'm just - - I'm frustrated because at the beginning of this case then Andy Weiner wanted it moved over to the family court. … So, I thought, well, you know, a judge over there [Family Court] is one who signed that order or that decree, and they need to go back and determine if this is, in fact, a violation of that decree. I was wrong about that. So, that came back to us.
> And now the Warren children are wanting to move their cases to district court. And it's, in my view, it doesn't serve the interest of either party or either – or any of the parties to be jumping around courts especially you guys have invested a lot of time, energy, and money in this court. And it feels like forum shopping to me. And they've invested a lot of effort and money and time when they, over the course of this case, and I can't just dismiss it. . . . I view this, in essence, an original petition being filed. . . .

Rel. Tab E-1, p. 29-30.

Daniel's argument that Judge Butts improperly conducted a hearing relating to such cross-claims is void of any legal support. Judge Butts did not abuse her discretion and, accordingly, mandamus relief should be denied.

## CONCLUSION AND PRAYER

Real Party in Interest Andy Weiner respectfully requests that Relator Daniel Warren's Petition for Writ of Mandamus be denied in its entirety. Mr. Weiner further requests any additional relief to which he is justly entitled.

22

Respectfully submitted,

**CRAIN, CATON & JAMES, P.C.**

By:  /s/ Sarah Patel Pacheco
     Sarah Patel Pacheco
     State Bar No. 00788164
     spacheco@craincaton.com
     C. Henry Kollenberg
     State Bar No. 11667800
     hkollenberg@craincaton.com
     Kathleen Tanner Beduze
     State Bar No. 24052205
     kbeduze@craincaton.com
     1401 McKinney, Suite 1700
     Houston, Texas 77010-4035
     (713) 658-2323 Telephone
     (713) 658-1921 Facsimile

     *Attorneys for Real Party in Interest*
     *Andy I. Weiner*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Response to Petition for Writ of Mandamus and Appendix has been served on the following counsel of record through the electronic filing system and/or U.S. Mail on July 10, 2015:

| | |
|---|---|
| Carol A. Cantrell | Thomas R. Conner |
| Cantrell & Cantrell, PLLC | Conner & Lindamood, P.C. |
| 3700 Buffalo Speedway, Ste 520 | 1221 Lamar, Suite 1010 |
| Houston, Texas 77098 | Houston, Texas 77010 |
| *Counsel for Relator* | *Counsel for Katherine Warren* |

              /s/ Sarah Patel Pacheco
              Sarah Patel Pacheco

23

# CERTIFICATION

I certify that I have reviewed the Response to Petition for Writ of Mandamus and have concluded that every factual statement made in the Response is supported by competent evidence included in the appendix or record, and that the items contained in the appendix are accurate copies of pleadings and other court papers.

/s/ Sarah Patel Pacheco
Sarah Patel Pacheco

# INDEX TO APPENDIX

1.    Andy Weiner's Cross-Claims Against Katherine Warren

2.    Original Petition filed by Daniel Warren, David Warren and Katherine Warren, as next friend of M.H.W., a minor child, in the 133rd Judicial District Court of Harris County, Texas (without exhibits)

3.    Andy Weiner's Plea to the Jurisdiction, Plea in Abatement and, subject thereto, Answer to Petition for Termination of Trust (without exhibits)

4.    Order granting Plea to the Jurisdiction

5.    Andy Weiner's First Supplement to Original Answer

6.    Andy Weiner's Motion for Partial Summary Judgment (without exhibits)

7.    Andy Weiner's First Supplement to Cross-Claims

8.    Andy Weiner's First Amended Cross-Claims (without exhibits)

9.    Agreed Docket Control Order, Cause No. 425,577

10.   Daniel Warren's Motion to Sever (without exhibits)

11.   Order on Andy Weiner's Motion for Partial Summary Judgment

12.   Order on Daniel Warren's Motion to Sever

13.   Order on Andy Weiner's Motion to Compel Deposition of Katherine Warren

14.   Ms. Warren's Cross-Notice of Third Notice of Intention to Take Oral Deposition of Katherine Warren f/k/a Katherine Weiner

15.   Andy Weiner's Motion for Substituted Service

         a.  Exhibit A – Affidavit of Due Diligence

16.   Process Server Affidavit of Successful Service

092865/000001
376 - 1529862v2

DM

FILED
7/2/2014 10:46:22 AM
Stan Stanart
County Clerk
Harris County

NO. 425,577

| | | |
|---|---|---|
| IN RE: | § | IN PROBATE COURT |
| | § | |
| DAVID ABRAHAM WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

**ANDY WEINER'S CROSS-CLAIMS
AGAINST KATHERINE WARREN F/K/A KATHERINE WEINER**

TO THE HONORABLE JUDGE OF SAID COURT:

Andy Weiner ("Mr. Weiner") brings the following cross-claims against Katherine F. Warren f/k/a Katherine Weiner ("Ms. Warren"), and in support thereof respectfully shows the following:

**I.
Overview**

1.      Mr. Weiner and Ms. Warren are co-trustees of the David Abraham Weiner 1994 Trust (the "Trust").   As such, Mr. Weiner and Ms. Warren are jointly responsible for the administration and liabilities of the Trust, if any.

2.      Accordingly, Mr. Weiner files his cross-claims against Ms. Warren seeking to hold her responsible for 50% of any liabilities assessed against the Trust and/or him relating to the actions sought by any beneficiary, including, but not limited to, holding Ms. Warren liable for 50% of the attorneys' fees, accountant fees, and costs incurred by Mr. Weiner as a result of the above-referenced litigation.

**II.
Factual Background**

3.      On December 13, 1994, Mr. Weiner and Ms. Warren established the Trust for the benefit of their then-minor son, David.   The irrevocable trust agreement provides that David is the primary beneficiary and Mr. Weiner and Ms. Warren are the co-trustees.

092865/000002
376 - 1092540v1

App. 1

4.      The Trust agreement specifically provides that:

   a.  Ms. Warren and Mr. Weiner act jointly as co-trustees;

   b.  A trustee shall not be held liable for any act or omission, except in the case of gross negligence, bad faith or fraud (Section D-3(b)); and

   c.  The overall performance of the Trust shall be taken into account when assessing the propriety of any investment of the Trust (Section D-3(b)).

5.      Additionally, the Trust agreement grants Ms. Warren and Mr. Weiner, as co-trustees of the Trust, the general powers to: (i) invest and reinvest the Trust assets[1]; (ii) lease, sell, transfer or encumber, in any manner, all or any part of the Trust[2]; and (iii) loan or borrow money from the Trust, in any manner[3].

6.      Ms. Warren and David's original lawsuit, filed solely against Mr. Weiner, sought an order from this Court to either distribute the Trust funds to David free of trust or, alternatively, to award Ms. Warren sole and exclusive control over a new account (a Uniform Transfers to Minors Act account created for David's benefit), even though the Trust agreement and the Divorce Decree provide otherwise.  In the original Petition, Ms. Warren and David stated that Ms. Warren would submit an accounting and sought her discharge from any liabilities relating to the Trust.

7.      Since originally filed, counsel for Ms. Warren and David has filed an amended petition that now names only David as the Petitioner, and Mr. Weiner and Ms. Warren as Respondents. In the amended petition, David instead sought to be his own trustee.

8.      David testified in his partial deposition that he is not aware of any breaches of trust by either Mr. Weiner or Ms. Warren, but has filed yet another amended petition asserting various

---

[1] Trust agreement, § E-1(a).
[2] Trust agreement, § E-1(c).
[3] Trust agreement, § E-1(c).

2

claims solely against Mr. Weiner even though both Mr. Weiner and Ms. Warren have served as co-trustees since the inception of the Trust.

9. Since the filing of David's second amended petition, Daniel S. Weiner ("Daniel"), David's younger brother, filed an original petition in intervention in this proceeding.[4]

10. As co-trustees of the Trust, Mr. Weiner and Ms. Warren are jointly responsible for the administration of the Trust. Accordingly, in the event damages are assessed against Mr. Weiner due to his role as co-trustee of the Trust and/or the Daniel S. Weiner Trust, Ms. Warren is responsible for 50% of those damages, in addition to 50% of Mr. Weiner's attorneys' fees and costs incurred in defending this action.

## III.
## Cross-Claims Against Katherine Warren

11. Mr. Weiner incorporates by reference the allegations contained within the preceding Paragraphs 1 through 10.

## IV.
## Relief Requested

12. With regard to claims by David and/or related to the Trust, Mr. Weiner, individually and as trustee, respectfully requests the following relief:

    a.    To the extent of any claims of David, Ms. Warren shall be held responsible for all actions and alleged inactions of the trustees;

    b.    To the extent of any claims of David, Ms. Warren shall be held equally liable for all claimed damages and relief sought by David, as finally determined, if any;

    c.    Ms. Warren shall be held liable for any and all violations of the Trust agreement, including any plan or scheme to collude with David;

---

[4] Mr. Weiner does not concede Daniel S. Weiner has standing in this proceeding or agree with the alleged legal basis to intervene in the above-referenced proceeding.

092865/000002
376 - 1092540v1

d. Ms. Warren shall be held equally responsible for the preparation and submission of any accounting determined to be due and personally bear one-half of the costs of the accounting pursuant to §113.151 of the Texas Trust Code; and

e. Ms. Warren shall be ordered to pay one-half of Mr. Weiner's attorneys' fees and costs incurred as a result of defending the lawsuit.

13. With regard to claims by Daniel and/or related to the Daniel S. Weiner Trust, Mr. Weiner, individually and as trustee, respectfully requests the following relief:

a. To the extent any claims of Daniel are validly asserted in this proceeding, Ms. Warren shall be held responsible for all actions and alleged inactions of the trustees;

b. To the extent any claims of Daniel are validly asserted in this proceeding, Ms. Warren shall be held equally liable for all claimed damages and relief sought by David, as finally determined, if any;

c. Ms. Warren shall be held liable for any and all violations of the Daniel S. Weiner Trust agreement, including any plan or scheme to collude with Daniel;

d. Ms. Warren shall be held equally responsible for the preparation and submission of any accounting determined to be due, and personally bear one-half of the costs of the accounting pursuant to §113.151 of the Texas Trust Code; and

e. Ms. Warren shall be ordered to pay one-half of Mr. Weiner's attorneys' fees and costs incurred as a result of defending the lawsuit.

WHEREFORE, Andy Weiner respectfully requests that this Court grant the above-requested relief, and for such other and further relief as to which he may show himself justly entitled to receive.

4

Respectfully submitted,

**CRAIN, CATON & JAMES,**
**A PROFESSIONAL CORPORATION**

By: /s/ Kathleen Tanner Beduze
    SARAH PATEL PACHECO
    (TBA # 00788164)
    KATHLEEN TANNER BEDUZE
    (TBA # 24052205)
    1401 McKinney, 17th Floor
    Houston, Texas 77010
    (713) 658-2323
    (713) 658-1921 (Facsimile)

*Attorneys for Andy Weiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

| | |
|---|---|
| Carol A. Cantrell / Meredith N. McIver | Thomas R. Conner |
| Cantrell & Cowan, PLLC | Conner & Lindamood, P.C. |
| 3700 Buffalo Speedway, Suite 520 | 1221 Lamar, Suite 1010 |
| Houston, Texas 77098 | Houston, Texas 77010 |
| Facsimile: (713) 333-0550 | Facsimile: (713) 654-8115 |

by e-file, facsimile and/or certified mail, return receipt requested, on the 2nd day of July, 2014.

/s/ Kathleen Tanner Beduze
KATHLEEN TANNER BEDUZE

5

4/2/2015 3:23:48 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4748762
By: Nelson Cuero
Filed: 4/2/2015 3:23:48 PM

NO. 2015-_____

| | | |
|---|---|---|
| DAVID W. WARREN, | § | IN THE DISTRICT COURT OF |
| DANIEL W. WARREN, | § | |
| and KATHERINE R. WARREN, as | § | |
| NEXT FRIEND of M.H.W., a MINOR | § | |
| **Plaintiffs** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANDY I. WEINER, TRUSTEE | § | _____ JUDICIAL DISTRICT |
| **Defendant** | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES David W. Warren, Daniel W. Warren, and Katherine R. Warren, as next friend of M.H.W, a minor, Plaintiffs and Beneficiaries of the DAVID ABRAHAM WEINER 1994 TRUST, the DANIEL STEVEN WEINER 1996 TRUST, and the MICHAEL HENRY WEINER 2000 TRUST respectively, hereinafter referred to as "David's Trust", "Daniel's Trust", "M.H.W.'s Trust", or the "Trusts" collectively, and file this Original Petition, respectfully showing the Court as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### CLAIM FOR RELIEF

2. Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

### PARTIES

3. Plaintiff David W. Warren brings this suit as an individual beneficiary of the DAVID ABRAHAM WEINER 1994 TRUST. Plaintiff David W. Warren resides in Harris

1

App. 2

County at 1226 Muirfield, Houston, Texas 77055. The last three digits of David W. Warren's Texas Driver's License are 273 and the last three digits of his social security number are 861.

4. Plaintiff Daniel W. Warren brings this suit as an individual beneficiary of the DANIEL STEVEN WEINER 1996 TRUST. Plaintiff Daniel W. Warren resides in Harris County at 1226 Muirfield, Houston, Texas 77055. The last three digits of Daniel W. Warren's Texas Driver's License are 996 and the last three digits of his social security number are 039.

5. Plaintiff Katherine R. Warren, brings this suit pursuant to TRCP 44 as next friend on behalf of M.H.W., a minor child and beneficiary of the M.H.W. 2000 TRUST. Katherine R. Warren resides in Harris County at 1226 Muirfield, Houston, Texas 77055. The last three digits of her Texas Driver's License are 616 and the last three digits of her social security number are 324. The identification information of M.H.W., the real party in interest, is required to be redacted pursuant to TRCP 21a. An unredacted version of this document has been retained by the attorney for the parties.

6. Defendant, Andy I. Weiner, trustee of the DAVID ABRAHAM WEINER 1994 TRUST, the DANIEL STEVEN WEINER 1996 TRUST, and THE MICHAEL HENRY WEINER 2000 TRUST may be served with process at his usual place of business in Harris County at 1445 North Loop West, Suite 625, Houston, TX 77008, or wherever he may be found.

## JURISDICTION

7. This Court has subject matter jurisdiction over the lawsuit pursuant to Texas Property Code § 115.001(a), which grants the district court original and exclusive jurisdiction over all proceedings by or against a trustee.

2

## VENUE

8. Venue of this proceeding is proper in this court pursuant to Texas Trust Code § 115.002(b) because all parties reside in Harris County.

## FACTS

9. The Trusts are nearly identical irrevocable trusts created by "trustors" Andy I. Weiner and Katherine R. Warren (formerly Katherine Friedman Weiner), for the benefit of their sons on December 13, 1994, March 20, 1996, and December 26, 2000 for David, Daniel, and M.H.W., respectively. A true and correct copy of the Trust agreements are attached hereto as Exhibits A, B and C and incorporated for all purposes.

10. Defendant Andy I. Weiner and Katherine R. Warren are Co-Trustees of all three Trusts.

11. The Trustees are authorized in Section A-1 to make distributions to the Beneficiary of each Trust as are in the Beneficiary's best interest. However, the Trust Agreements provide in Section C-1 that "no such distribution shall be made to a trustor, to any spouse of a trustor, or in any manner that discharges a legal obligation (including an obligation of support) of a trustor or any spouse of a trustor. Any distribution under this paragraph shall be a full discharge of the trustee with respect thereto."

12. The Trust Agreements also provide in Section E-3(a) that "No part of any trust estate may be (i) loaned to a trustor or to any spouse of a trustor..."

13. Each Beneficiary may withdraw the entire Trust corpus and terminate his Trust within 60 days after becoming age 21. David Warren will be 21 on June 14, 2015, Daniel Warren will be 21 on March 11, 2017, and M.H.W. will be 21 on November 1, 2020.

14. On March 30, 2009, Defendant Andy I. Weiner liquidated the entire Trust portfolio of each Trust at a loss of $21,473.76, $30,586.18 and $14,306.54 respectively, and on April

3

9, 2009 he transferred a total of $300,075.18 from their Trusts to his own personal account to avoid bankruptcy and pay for a home remodeling project. The $300,075.18 included $126,641.40 from David's Trust, $90,959.38 from Daniel's Trust, and $82,474.40 from M.H.W.'s Trust.

15. Defendant Weiner repaid the Trusts without compensation on July 10, 2010 and thereafter left the Trust funds idle until September 12, 2012 in case he needed the money again for his personal expenses.

16. From March 30, 2009 to September 11, 2012, while the Trust funds were being used by Andy Weiner for his personal benefit or were left in idle cash, the major U.S. stock markets advanced by over 75 percent.

17. In May, June, and August of 1999, Andy Weiner, Trustee, purchased 34,000 shares of Weiners Stores, Inc. for each of David and Daniel's Trusts. Weiners Stores Inc. was an unlisted penny stock with no prior trading history and a history of bankruptcy. On August 31, 1999, Weiners Stores, Inc. represented 43% of David's Trust portfolio and 66% of Daniel's Trust portfolio. On December 6, 2001 Andy Weiner, Trustee sold the Weiners Stores Inc. shares for a complete loss of $26,579.94 in David's Trust and $28,762.44 in Daniel's Trust.

18. Defendant Weiner was a former Executive Vice President of Weiner Stores, Inc.

19. On December 19, 2013 Plaintiffs David Warren and Daniel Warren demanded an accounting from Andy Weiner, Trustee. But Andy Weiner did not provide one.

4

## CAUSES OF ACTION

20. Defendant Weiner has materially breached his fiduciary duties in the following manner:

   a. By borrowing substantially all of the Trusts' assets for his own personal use and benefit on April 9, 2009 in violation of Paragraphs C-1 and E-3(a) of the Trust Agreements, which expressly forbid loans and/or distributions to a trustor or any spouse of a trustor;

   b. By commingling substantially all of the Trusts' assets with Defendant Weiner's own personal funds in violation of the duty of loyalty under Texas Trust Code § 117.007, the duty not to profit from dealings with the Trust under Texas Trust Code § 114.0001(a), and the common law duty to segregate trust assets;

   c. By investing a substantial portion of David and Daniel's Trust assets in Weiner Stores, Inc. in 1999, resulting in a material loss to the Trusts in violation of the prudent investor rule under Texas Trust Code § 117.004;

   d. By leaving the Trust funds idle and failing to prudently invest them from July 10, 2010 to September 12, 2012 resulting in a material loss to the Trusts in violation of the prudent investor rule under Texas Trust Code § 117.004;

   e. By failing to render a complete and accurate accounting despite written demand by David and Daniel on December 19, 2013 in violation of the duty to account under Texas Trust Code §§ 113.151 and 113.152.

21. Plaintiffs did not discover the Defendant's borrowing or his failure to prudently invest their Trust funds until on or about the time of Defendant's deposition on January 16, 2014. Plaintiffs were all minors when the breaches occurred, thus tolling the statute of limitations during their minority.

5

22. Plaintiffs' Trusts have suffered substantial economic damages as a direct result of Defendant Weiner's material breaches of fiduciary duty as enumerated above. David's Trust has suffered damages of at least $295,000. Daniel's Trust has suffered damages of at least $257,000 and M.H.W.'s Trust has suffered a similar amount.

23. Plaintiffs have incurred substantial legal and accounting fees to reconstruct the Trust accountings and bring this action.

## REQUEST FOR DISCLOSURE

24. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request:

25. Judgment against Defendant Andy I. Weiner, Trustee for a sum within the jurisdictional limits of the Court.

26. That Defendant Weiner be ordered to pay money or restore property to the Trusts equal to their lost profits pursuant to Texas Trust Code § 114.008(a)(3) on account of Defendant Weiner's breaches of fiduciary duty and imprudent investing;

27. That Defendant Weiner be ordered to pay the Trusts exemplary damages in excess of the statutory cap due to Defendant Weiner's intentional breaches of trust and conscious indifference to the rights of the Beneficiaries under Texas Civ. Prac. & Rem. Code § 41.008.

28. That Defendant Weiner be removed as Trustee pursuant to Texas Trust Code §§ 114.008(a)(7) and 113.082;

6

29. That Defendant Weiner be ordered to pay Plaintiffs' reasonable and necessary attorney fees, costs, and expenses through trial and all appeals under Texas Trust Code § 114.064.

30. That Defendant Weiner be ordered to pay Plaintiffs' and/or the Trusts' pre-judgment and post-judgment interest as provided by law.

PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the Court grant the requested relief and such further relief to which Plaintiffs are justly entitled.

Respectfully submitted,

By: /s/ Carol A. Cantrell
Carol A. Cantrell, Attorney for Plaintiffs
Texas Bar No.: 24043592
ccantrell@cctaxlaw.com
Meredith N. McIver
Texas Bar No.: 24078974
mmciver@cctaxlaw.com
3700 Buffalo Speedway, Suite 520
Houston, TX 77098
Phone: 713-333-0555
Fax: 713-333-0550

Charles A. Sturm, of Counsel
Texas Bar No. 24003020
Sturm Law, PLLC
723 Main St., Suite 325
Houston, Texas 77002
sturm@sturmlegal.com
713) 955-1800 Telephone
(713) 955-1078 Facsimile

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been duly served by personal citation on Andy I. Weiner at the address indicated below on or about April 2, 2015.

Andy I. Weiner
1445 North Loop West, Suite 625
Houston, Texas   77008

/s/ Carol Cantrell
CAROL A. CANTRELL

8

NO. 425,576

| IN RE: | § | IN PROBATE COURT |
|---|---|---|
| | § | |
| DANIEL STEPHEN WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1996 TRUST | § | HARRIS COUNTY, TEXAS |

### PLEA TO THE JURISDICTION, PLEA IN ABATEMENT AND, SUBJECT THERETO, ANSWER TO PETITION FOR TERMINATION OF TRUST

TO THE HONORABLE JUDGE OF SAID COURT:

Andy Weiner ("Mr. Weiner"), co-trustee of the Daniel Stephen Weiner 1996 Trust ("Trust"), files this Plea to the Jurisdiction, Plea in Abatement and, Subject Thereto, Answer to Original Petition for Termination of Trust filed by Katherine F. Warren ("Ms. Warren") and, in support thereof, respectfully shows the following:

### I.
### Overview

1.      Ms. Warren's Original Petition for Termination of Trust ("Petition") is just another sad stage in her systematic plan to exclude Mr. Weiner from his son's life. Mr. Weiner and Ms. Warren are currently parties to a family court proceeding that arises from Ms. Warren's failure to comply with the terms of the Trust and a Judgment entered by the Family Court in their divorce, pending in the 309th Judicial District Court of Harris County, Texas.

2.      Ms. Warren now files her Petition in this Court seeking to gain complete control of funds gifted by Mr. Weiner's parents to the Trust established by both Mr. Weiner and Ms. Warren prior to their divorce. Ms. Warren cites no credible or legal basis to remove Mr. Weiner and/or terminate the Trust by distributing said funds into a Uniform Transfers to Minors Act account only Ms. Warren would control. And, while Mr. Weiner has historically attempted to accommodate Ms. Warren's various requests, he is unwilling to risk funds needed for Daniel's

future education or sanction her ignoring provisions of a Judgment entered by the Family Court in their divorce.

3. Neither Mr. Weiner nor the named successor trustee is disqualified to serve as a trustee of the Trust. Mr. Weiner has never mishandled the Trust, has never harbored any hostility towards Daniel and has always acted in a prudent manner – even under the most difficult of circumstances created by Ms. Warren. Mr. Weiner has done so because he recognizes that Daniel and the Trust both need protection.

## II.
## Background

4. On March 20, 1996, Mr. Weiner and Ms. Warren established the Trust for the benefit of their minor son, Daniel. The irrevocable trust agreement provides that Daniel is the primary beneficiary and Mr. Weiner and Ms. Warren are the original co-trustees. In the event they are not able to serve, the trust agreement provides that Bayle Weiner Drubel shall serve as successor trustee.

5. Mr. Weiner's parents, Daniel's grandparents, funded the Trust with the desire to provide for their grandson's education.

6. After Daniel's grandparents' generous gifts, Ms. Warren systematically excluded Mr. Weiner and his family from Daniel and his siblings' lives. Ms. Warren routinely belittled Mr. Weiner, his mother and his sisters in front of his minor sons, including Daniel.

7. The final straw was on Daniel's birthday in 2011. Mr. Weiner had plans to take the family out to dinner to celebrate Daniel's birthday. Instead, Ms. Warren left with Daniel and his two brothers before Mr. Weiner arrived home and intentionally did not tell him the name of the restaurant. Ms. Warren then refused to answer or to respond to any of his calls to her cell phone number.

2

8.     Ms. Warren filed for divorce and, pursuant to an Agreed Decree of Divorce ("Divorce Decree") entered into by the 309th Judicial District Court of Harris County, Texas in Cause No. 2011-01040 (the "Family Court Proceeding"), Mr. Weiner and Ms. Warren were divorced on March 29, 2012. *See* Exhibit C to Ms. Warren's Petition.

9.     The Divorce Decree addresses the Trust at issue in this case. Specifically, the Divorce Decree provides:

> IT IS ORDERED that the following children's trusts are held in irrevocable trusts, which shall continue as written, and that each party will take any and all necessary steps to provide full co-trustee ownership and control of each such account including the placing of such accounts in a deposit and withdrawal agreement requiring both co-trustees to disburse funds; also known as an "and" account:
>
> 1.  Fidelity Trust Acct Ending in #8634 (David);
> 2.  Fidelity Trust Acct Ending in #3958 (Daniel); and
> 3.  Fidelity Trust Acct Ending in #1942 (Michael).

*See* Exhibit C to Ms. Warren's Petition, page 10.

10.    Subsequent to the parties' divorce, Ms. Warren has continued her efforts to alienate their children and has failed to comply with the terms of the Divorce Decree. For example, Ms. Warren has refused to provide a simple invoice to confirm an alleged significant tuition payment. Instead, she acknowledges in her affidavit that she wired trust funds without Mr. Weiner's required permission and consent.

11.    On August 14, 2013, Mr. Weiner's counsel in the Family Court Proceeding filed a Petition to Modify Parent-Child Relationship in the Family Court Proceeding ("Petition to Modify"), seeking to modify the terms of the Divorce Decree as they relate to the Trust. *See* Petition to Modify, attached hereto as Exhibit A and incorporated by this reference. Mr. Weiner

3

092865/000001
376 - 942316v1

has since filed an amended pleading. *See* First Amended Petition to Modify Parent-Child Relationship, attached hereto as Exhibit B and incorporated by this reference.

12. In the Family Court Proceeding, Mr. Weiner is currently seeking modifications to the Divorce Decree, including the following modifications which affect the Trust and/or Daniel's estate:

> a. that Mr. Weiner have the exclusive right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;
>
> b. that Mr. Weiner have the exclusive right to manage the estates of the children, including the exclusive right to manage the existing trusts of the children; and
>
> c. that Ms. Warren shall add Mr. Weiner as a necessary signatory on the following accounts of the children:
>
> > 1. Fidelity Trust Account ending in #8634
> > 2. Fidelity Trust Account ending in #3958
> > 3. Fidelity Trust Account ending in #1942

*See* Exhibit B.

13. In response and what appears to be an attempt to circumvent the jurisdiction of the 309th District Court, Ms. Warren has filed her Petition in this Court, after the filing of Mr. Weiner's Petition to Modify. In it, Ms. Warren requests this Court to award her sole and exclusive control over a new account (a Uniform Transfers to Minors Act account created for Daniel's benefit, Fidelity Account ending in #6843), even though the Trust agreement and the Divorce Decree require joint control.

### III.
### Plea to the Jurisdiction

14. Mr. Weiner incorporates by reference the allegations contained within the preceding

4

Paragraphs 1 through 13.

15.     Mr. Weiner files this Plea to the Jurisdiction and would show the Court that it does not have subject matter jurisdiction over this cause of action as there is a Petition to Modify pending in the Family Court Proceeding, which was filed prior to Ms. Warren's Petition. *See* Exhibit A. Specifically, the 309th District Court has continuing, exclusive jurisdiction over the issues raised in Ms. Warren's Petition.

16.     When a plaintiff's pleading shows on its face that the Court does not have subject matter jurisdiction, suit should be dismissed. *See, e.g., Bybee v. Fireman's Fund*, 331 S.W.2d 9110, 917 (Tex. 1960); *Fountain Parkway, Ltd. v. Tarrant Appraisal Dist.*, 920 S.W.2d 799, 802 (Tex. App.—Fort Worth 1996, writ denied). A court does not have subject matter jurisdiction when another court has exclusive jurisdiction. *Geary v. Peavy*, 878 S.W.2d 602, 604-05 (Tex. 1994) (Minnesota court had exclusive jurisdiction over child-custody case).

17.     By filing her Petition in this Court, Ms. Warren fails to recognize that the court of continuing jurisdiction (the 309th District Court) has the exclusive power to reexamine its prior order which evaluated the best interest of the child. TEX. FAM. CODE §152.202.

18.     Accordingly, Mr. Weiner respectfully requests that this Court dismiss Ms. Warren's claims contained in her Petition until a determination is made in the Family Court Proceeding.

## IV.
## Plea In Abatement

19.     If this Court does not dismiss Ms. Warren's Petition pursuant to Mr. Weiner's Plea to the Jurisdiction, Mr. Weiner alternatively pleads that Ms. Warren's claims should be abated until the 309th District Court enters its rulings in the Family Court Proceeding and makes a determination as to who has the authority to represent Daniel (and his brothers) and any other determinations regarding the Trust.

5

20. As a general rule, when suit would be proper in more than one county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts. *In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011); *see also Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). In *Curtis*, the Texas Supreme Court stated:

> Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement. If the second court refuses to sustain a proper plea in abatement, or attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdictions.

*Curtis*, 511 S.W.2d at 267; *In re Sims*, 88 S.W.3d 297, 302 (Tex. App.—San Antonio 2002, no pet.). Where two actions involving the same subject matter are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction should retain such jurisdiction, undisturbed by the interference of another court, and dispose of the controversy. *See Latham v. Thornton*, 806 S.W.2d 347, 350 (Tex. App.—Fort Worth 1991) (orig. proceeding). Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement. *Curtis*, 511 S.W.2d at 267.

21. Because the Family Court Proceeding was properly commenced in the 309th District Court prior to the filing of the Petition and it involves the same parties and the same dispute, the 309th District Court has exclusive jurisdiction over the matters raised in the Petition.

22. Accordingly, Mr. Weiner respectfully requests this Court to abate Ms. Warren's claims contained in her Petition until a determination is made by the 309th District Court regarding who has the authority to represent Daniel (and his brothers) and any other determinations regarding the Trust.

6

# V.
## Answer to Ms. Warren's Petition for Termination of Trust

23. Mr. Weiner incorporates by reference the allegations contained within the preceding Paragraphs 1 through 22.

### A. General Denial

24. Subject to Mr. Weiner's Plea to the Jurisdiction and Plea in Abatement, Mr. Weiner asserts a general denial, as authorized by Rule 92 of the Texas Rules of Civil Procedure, to each and every, all and singular, allegation contained in Ms. Warren's Petition and respectfully requests that this Court and jury require Ms. Warren to prove her claims, charges, and allegations by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

25. Mr. Weiner respectfully reserves the right to file an amended answer in this cause in the manner authorized by the Texas Rules of Civil Procedure.

### B. Affirmative Defenses

26. Pleading further and without waiving the foregoing, Ms. Warren's claims are barred in whole or in part, by the doctrine of res judicata.

27. Pleading further and without waiving the foregoing, Ms. Warren's claims are barred in whole or in part, by the doctrine of estoppel, including collateral estoppel.

28. Pleading further and without waiving the foregoing, Ms. Warren's claims are barred in whole or in part, by the doctrine of unclean hands.

29. Pleading further and without waiving the foregoing, Ms. Warren's claims are barred in whole or in part, by the terms of the Trust.

30. Pleading further and without waiving the foregoing, Ms. Warren is not entitled to attorneys' fees under Section 114.064 of the Texas Trust Code or otherwise.

7

## VI.
### Request for Jury Trial

31.   Pleading further, and without waiving the foregoing, Mr. Weiner demands a trial by jury and hereby tenders payment.

## VII.
### Request for Disclosure

32.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Ms. Warren is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a) - (i).

WHEREFORE, Mr. Andy Weiner respectfully requests that this Court grant Mr. Weiner's Plea to the Jurisdiction or, alternatively, Plea in Abatement; and (ii) for such other and further relief as to which he may show himself justly entitled to receive.

Respectfully submitted,

CRAIN, CATON & JAMES,
A PROFESSIONAL CORPORATION

By: _____
SARAH PATEL PACHECO
(TBA # 00788164)
KATHLEEN TANNER BEDUZE
(TBA # 24052205)
1401 McKinney, 17th Floor
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 (Facsimile)

Attorneys for Andy Weiner

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

Carol A. Cantrell
Meredith N. McIver
Cantrell & Cowan, PLLC
3700 Buffalo Speedway, Suite 520
Houston, Texas 77098
Facsimile: (713) 333-0550

by facsimile and/or certified mail, return receipt requested, on the 23rd day of October, 2013.

SARAH PATEL PACHECO

9

092865/000001
376 - 942316v1

NO. 425,576

| IN RE: | § | IN PROBATE COURT |
| | § | |
| DANIEL STEPHEN WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1996 TRUST | § | HARRIS COUNTY, TEXAS |

## ORDER ON PLEA TO THE JURISDICTION

On this day, the Court considered the Plea to the Jurisdiction, filed by Defendant Andy Weiner, co-trustee of the Daniel Stephen Weiner 1996 Trust, and after considering the pleadings, evidence and arguments of counsel, the Court finds that the Plea to the Jurisdiction should be GRANTED in its entirety. It is therefore,

ORDERED that the Plea to the Jurisdiction is GRANTED in its entirety. It is further,

ORDERED that, due to jurisdictional defects, this case is dismissed.

Signed this ___21___ day of ___November___, 2013.

_____Christine Butts_____
JUDGE PRESIDING

077344/000001
376 - 954996v1

App. 4

NO. 425,577

| | | |
|---|---|---|
| IN RE: | § | IN PROBATE COURT |
| | § | |
| DAVID ABRAHAM WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

## FIRST SUPPLEMENT TO ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Andy Weiner ("Mr. Weiner"), co-trustee of the David Abraham Weiner 1994 Trust, files his First Supplement to Original Answer in response to Petitioner David W. Warren f/k/a David A. Weiner's ("Petitioner") Second Amended Original Petition and Intervenor Daniel Steven Weiner's ("Intervenor") Original Petition in Intervention and, in support thereof, respectfully shows the following:

### I.
### VERIFIED DENIAL

1.    Intervenor does not have standing, lacks the legal authority, or lacks capacity to sue and is not entitled to recover in the capacity in which he has sued.

### II.
### SUPPLEMENTAL AFFIRMATIVE DEFENSE

2.    Pleading further and without waiving the foregoing, Petitioner's and Intervenor's claims are barred, in whole or in part, because Mr. Weiner's actions were justified, excused and/or authorized by the terms of the David Abraham Weiner 1994 Trust.

3.    Pleading further and without waiving the foregoing, Petitioner's and Intervenor's claims are barred, in whole or in part, based on the equities.

4.    Pleading further and without waiving the foregoing, Petitioner's and Intervenor's claims are barred, in whole or in part, because of ambiguity.

5. Pleading further and without waiving the foregoing, Petitioner's and Intervenor's claims are barred, in whole or in part, by the statute of limitations.

6. Pleading further and without waiving the foregoing, Petitioner's and Intervenor's claims are barred, in whole or in part, by the doctrine of comparative fault.

7. Pleading further and without waiving the foregoing, Petitioner's and Intervenor's claims are barred, in whole or in part, by the doctrine of contributory negligence.

8. Pleading further and without waiving the foregoing, Petitioner's and Intervenor's claims are barred, in whole or in part, because there is no legal or equitable basis for recovery.

9. Pleading further and without waiving the foregoing, Petitioner's and Intervenor's claims are barred, in whole or in part, by Katherine Warren f/n/a Katherine Friedman Weiner.

10. Pleading further and without waiving the foregoing, Intervenor's claims and/or defenses are barred, in whole or in part, because of lack of standing and/or because he lacks a judiciable interest in the David Abraham Weiner 1994 Trust.

## III.
## SUPPLEMENTAL PRAYER

11. In addition to the relief sought in Mr. Weiner's Original Answer to Petition to Terminate Trust, Mr. Weiner prays that Petitioner David W. Warren f/k/a David A. Weiner takes nothing by his Second Amended Original Petition and Intervenor Daniel Steven Weiner likewise takes nothing by his Original Petition in Intervention, and for such other and further relief as to which he may show himself justly entitled to receive.

2

Respectfully submitted,

CRAIN, CATON & JAMES,
A PROFESSIONAL CORPORATION


By: /s/ Kathleen Tanner Beduze
SARAH PATEL PACHECO
(TBA # 00788164)
KATHLEEN TANNER BEDUZE
(TBA # 24052205)
1401 McKinney, 17th Floor
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 (Facsimile)

*Attorneys for Andy Weiner*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

Carol A. Cantrell / Meredith N. McIver
Cantrell & Cowan, PLLC
3700 Buffalo Speedway, Suite 520
Houston, Texas 77098
Facsimile: (713) 333-0550

Thomas R. Conner
Conner & Lindamood, P.C.
1221 Lamar, Suite 1010
Houston, Texas 77010
Facsimile: (713) 654-8115

by e-file, facsimile and/or certified mail, return receipt requested, on the 8th day of July, 2014.

/s/ Kathleen Tanner Beduze
KATHLEEN TANNER BEDUZE

3

## VERIFICATION

STATE OF TEXAS       §
                                   §
COUNTY OF HARRIS     §

BEFORE ME, the undersigned authority, on this day personally appeared Andy I. Weiner who, after being sworn, stated under oath that he is the person whose signature appears on this document. The affiant has read the foregoing First Supplement to Original Answer and he verifies that the information contained therein is true and correct based upon his personal knowledge.

_____
Andy I. Weiner, as Co-Trustee of the David Abraham Weiner 1994 Trust

Subscribed and sworn to before me on this **8** day of July, 2014.

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

CRYSTLE RICHARD COMBS
Notary Public, State of Texas
My Commission Expires
May 08, 2017

4

Error! Unknown document property name.

FILED
7/15/2014 6:05:08 PM
Stan Stanart
County Clerk
Harris County

NO. 425,577 **PROBATE COURT 4**

| | | |
|---|---|---|
| IN RE: | § | IN PROBATE COURT |
| | § | |
| DAVID ABRAHAM WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

## <u>ANDY WEINER'S MOTION FOR PARTIAL TRADITIONAL SUMMARY JUDGMENT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Movant Andy Weiner ("Movant" or "Mr. Weiner") files this Motion for Partial Traditional Summary Judgment and would show as follows:

## I.
## <u>OVERVIEW</u>

1. Movant is entitled to partial summary judgment under Rule 166a because the attached evidence demonstrates that there is no genuine issue of material fact and he is entitled to judgment as a matter of law that:

a. Pursuant to the terms of the David Abraham Weiner 1994 Trust (the "Trust") agreement:

    i. A trustee of the Trust has the right to loan or borrow money in any manner with or without security;

    ii. A trustee of the Trust has the right to engage in self-dealing transactions relating to loans, sales and transactions involving related persons;

    iii. A trustee of the Trust may retain, invest or reinvest in assets unproductive of interest and wasting assets;

    iv. The diversification required under the Texas Trust Code and Texas common law, if any, do not apply to the Trust;

    v. Movant and Katherine Warren f/n/a Katherine Friedman Weiner ("Ms. Warren") had a duty to jointly administer the Trust;

    vi. In order to delegate her powers or duties to Movant as co-trustee of the Trust, Ms. Warren must have filed a written instrument with the records of the Trust;

    vii. Ms. Warren has not properly delegated or released any power granted to her as a co-trustee of the Trust; and

App. 6

viii. Movant has no liability relating to his actions as trustee of the Trust other than for acts and omissions found to be made with gross negligence, bad faith or fraud.

b. Pursuant to the terms of the Daniel Steven Weiner 1996 Trust ("Daniel's Trust") agreement:

    i. A trustee of Daniel's Trust has the right to loan or borrow money in any manner with or without security;

    ii. A trustee of Daniel's Trust has the right to engage in self-dealing transactions relating to loans, sales and transactions involving related persons;

    iii. A trustee of Daniel's Trust may retain, invest or reinvest in assets unproductive of interest and wasting assets;

    iv. The diversification required under the Texas Trust Code and Texas common law, if any, do not apply to Daniel's Trust;

    v. Movant and Ms. Warren had a duty to jointly administer Daniel's Trust;

    vi. In order to delegate her powers or duties to Movant as co-trustee of Daniel's Trust, Ms. Warren must have filed a written instrument with the records of Daniel's Trust;

    vii. Ms. Warren has not properly delegated or released any power granted to her as a co-trustee of Daniel's Trust; and

    viii. Movant has no liability relating to his actions as trustee of Daniel's Trust other than for acts and omissions found to be made with gross negligence, bad faith or fraud.

## II.
## TRADITIONAL SUMMARY JUDGMENT STANDARD

2. Summary judgment is proper when a movant establishes there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S .W.2d 546, 548 (Tex.1985); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W. 2d 640, 644 (Tex. 1995); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Movant is entitled to summary judgment because the attached evidence demonstrates there is no genuine issue of material fact that Movant has the right to loan or borrow money and the right to self-deal. TEX. R. CIV. P. 166a.

3. Rule 166a of the Texas Rules of Civil Procedure provides a method of summarily

2

terminating a case when it clearly appears that only a question of law is involved and that there is no genuine fact issue. Tex. R. Civ. P. 166a; *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex.1999); *Parker v. Parker*, 131 S.W.3d 524, 530 (Tex. App.—Fort Worth 2004, pet. denied). Absent ambiguity, the construction of a will or trust is a matter of law. *See Parker*, 131 S.W.3d at 530; *Penland v. Agnich*, 940 S.W.2d 324, 326 (Tex. App.—Dallas 1997, writ denied).

## III.
## SUMMARY JUDGMENT EVIDENCE

4.      Movant requests that this Court take judicial notice of its own records in Cause Number 425,577 and all sub-dockets, *In re: David Abraham Weiner 1994 Trust*. In further support of this Motion, Movant relies on the pleadings on file herein and further relies on and incorporates by reference the following summary judgment evidence:

| | |
|---|---|
| **Exhibit A** | David Abraham Weiner 1994 Trust Agreement |
| **Exhibit B** | Daniel Steven Weiner 1996 Trust Agreement |
| **Exhibit C** | Certified Copy of Agreed Decree of Divorce |
| **Exhibit D** | Excerpts from Deposition of David William Warren |
| **Exhibit E** | Excerpts from Deposition of Andy I. Weiner |
| **Exhibit F** | Affidavit of Andy I. Weiner |

## IV.
## STATEMENT OF FACTS

5.      On December 13, 1994, Mr. Weiner and Ms. Warren established the Trust for the benefit of their then-minor son, David Abraham Weiner ("David"). *See* Exhibit A. The irrevocable trust agreement provides that David is the primary beneficiary and Movant and Ms. Warren are the original co-trustees. Exhibit A. In the event they are not able to serve, the trust agreement provides that Bayle Weiner Drubel, Movant's sister, shall serve as successor trustee. Exhibit A.

6.      On March 11, 1996, Movant and Ms. Warren established Daniel's Trust for the

3

benefit of their then-minor son, Daniel Steven Weiner ("Daniel"). *See* Exhibit B. The irrevocable trust agreement provides that Daniel is the primary beneficiary and Movant and Ms. Warren are the original co-trustees. Exhibit B. In the event they are not able to serve, the trust agreement provides that Bayle Weiner Drubel, Movant's sister, shall serve as successor trustee. Exhibit B.

7. Movant's parents, grandparents to David and Daniel, provided the majority, if not all, of the original contributions of the Trust and Daniel's Trust with the desire to provide for the education of their grandsons.

8. On March 29, 2012, Movant and Ms. Warren were divorced, pursuant to an Agreed Decree of Divorce entered into by the 209th Judicial District Court of Harris County, Texas in Cause No. 2011-01040. *See* Exhibit C.

9. On September 30, 2013, Ms. Warren, as next friend of David, filed a lawsuit against Movant, seeking an order from this Court to either distribute the Trust funds to David free of trust or, alternatively, to award Ms. Warren sole and exclusive control over a new account (a Uniform Transfers to Minors Act account created for David's benefit), even though the Trust agreement and the Divorce Decree provide otherwise. In the original Petition, Ms. Warren and David stated that Ms. Warren would submit an accounting and sought her discharge from any liabilities relating to the Trust.

10. On November 1, 2013, David, as sole Petitioner, filed his First Amended Original Petition, naming both Movant and Ms. Warren as Respondents, and seeking to be his own trustee. Since originally filed, counsel for Ms. Warren and David has filed an amended petition, which now names only David as the Petitioner and both Mr. Weiner and Ms. Warren as Respondents. In the amended petition, David instead sought to be his own trustee.

4

11. On January 16, 2014, David testified in his partial deposition that he was not aware of any breaches of trust by either Movant or Ms. Warren and did not intend to sue Movant, despite filing a lawsuit to the contrary. *See* Exhibit D.

12. Specifically, David testified:

> Q   And you understand you're suing your dad?
> A   **I'm not suing my dad.**
> Q   Why do you say you're not suing my dad?
> A   **Because I'm just trying to modify the trust so I can use the money for what it's intended to be used for.**
> Q   So at this time it's your position you have not sued your father?
> A   **It was never my intention to sue my father.**

*See* Exhibit D at 11:14-22.

13. And, when asked for the "bad acts" Movant had conducted in connection with his position as co-trustee of the Trust, David responded, as follows:

> Q   Tell me, with the exception of the contacts, what else do you claim your dad has done wrong with regard to the trust?
> A   **What do you mean by "contacts"?**
> Q   Well, you call it stalking. I call it contacts. But you said you didn't like him calling these people at Rice and you didn't like him calling these people at Kinkaid. Putting that aside, because we've already covered that, tell me what else you claim your dad did wrong as trustee of the trust.
> A   **He didn't sign for a check that he agreed to pay for.**
> Q   What else?
> A   **And he's not looking out for my interest as the cotrustee of the trust.**

*See* Exhibit D at 86:7-21.

5

Q So I just want to understand. You've said he's not looked out for your best interest. I want to know specifically what you claim he has done to not look out for your best interest.

A He said he would pay $20,000 and didn't sign on a check so I could afford to go to school.

That's not looking out for my best interest.

Q Anything else?

A In terms of the trust or in terms of...

Q In terms of the trust, sir.

A I think that's the reason.

Q So that is your sole contention; is that correct, sir?

A At the moment, yes.

*See* Exhibit D at 112:5-19.

14. In short, David's two claims against his father are: (1) Movant contacted David's teachers and tennis coach to follow up on his son's progress, and (2) Movant did not look out for David's best interest in not authorizing a $20,000 check to Rice University because Movant had not received notice from David regarding the tuition, nor an invoice indicating same[1]. *See*

---

[1] Q All right. Do you believe it was in David's best interest for you to not -- for you to instruct Fidelity not to honor that check to Rice University?
A Repeat the question, please.
Q Do you believe that it was in David's best interest for you to tell Fidelity not to pay the 20,000-dollar check in August?
A The -- it was not in David's best interest to not provide any notice of what was happening with regard to the payment of that $20,000, nor any kind of substantiation for what it was for.
Q Uh-huh. So if there had been substantiation, like a bill, an invoice, or a receipt or something of that nature --
A Knowledge. How about knowledge? Yes.
Q So are you saying that, if you had known she was going to pay 20,000 for David's college, you would have approved it?
A Knowledge and substantiation.
Q Okay. So those two things would be your requirements to approve that check?
Q (By Ms. Cantrell) The two things that you've mentioned that you would want are knowledge and substantiation; is that correct?
A And implied with that is communication from the beneficiary of what the purposes of the check was

092865/000002
376 - 1095884v1

Exhibit D.

15.     Regardless of David's sworn statements to the contrary, on March 13, 2014, David, again as sole Petitioner, filed his Second Amended Original Petition, again naming both Movant and Ms. Warren as Respondents. In his Second Amended Original Petition, David sought for Movant to be removed as trustee of the Trust and for Petitioner to be appointed co-trustee of the Trust with Ms. Warren. Additionally, David asserted various claims solely against Movant, despite the fact that Movant and Ms. Warren have served as co-trustees since the inception of the Trust.

16.     On April 22, 2014, Daniel filed an Original Petition in Intervention in this proceeding.[2]

## V.
## ARGUMENT & AUTHORITIES

### A.     *Standards for Construing a Trust.*

17.     The rules of construction of trusts are well settled. *See Hurley v. Moody Nat'l Bank of Galveston,* 98 S.W.3d 307, 310 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The construction of a trust instrument is a question of law for the trial court. *Id.* (citing *Nowlin v. Frost Nat'l Bank,* 908 S.W.2d 283, 286 (Tex. App.—Houston [1st Dist.] 1995, no writ));

---

for and how the remainder of his education year was going to be paid for --
Q   Okay.
A   -- plus how the remainder of his college was going to be paid for.
Q   Okay. So you wanted knowledge beforehand; is that correct?
A   I would like communication from the beneficiary of what his needs were for the current school year and the subsequent school year.

*See* Exhibit E at 85:22-87:8.

[2]Mr. Weiner does not concede Daniel S. Weiner has standing in this proceeding nor does he agree with the alleged legal basis to intervene in this proceeding.

7

*Paschall v. Bank of America, N.A.*, 260 S.W.3d 707 (Tex. App.—Dallas 2008, no pet.). And, construction of an unambiguous trust is a matter of law for the court. *See Soefje v. Jones*, 270 S.W.3d 617, 628 (Tex. App.—San Antonio 2008, no pet.), *citing Eckels v. Davis*, 111 S.W.3d 687, 694 (Tex. App.—Fort Worth 2003, pet. denied).

18. This Court must construe the Trust as expressed on the face of the document. *Nowlin,* 908 S.W.2d at 286 (citing *Jewett v. Capital Nat'l Bank,* 618 S.W.2d 109, 112 (Tex. Civ. App.—Waco 1981, writ ref'd n.r.e.)); *see also Shriner's Hosp. for Crippled Children of Tex. v. Stahl,* 610 S.W.2d 147, 151 (Tex.1980) (settlor's intent must be ascertained from language used within four corners of instrument); *San Antonio Area Found. v. Lang,* 35 S.W.3d 636, 639 (Tex. 2000) (applying this concept to construe a will). When the trust is unambiguous, it is unnecessary to construe the instrument because it speaks for itself. *See Hurley,* 98 S.W.3d at 310 (citing *Jewett,* 618 S.W.2d at 112).

19. It is appropriate for a Court to interpret exculpatory and other provisions pre-trial. If the terms of the trust are ambiguous, or even if the words are "clear", but each party assigns a different meaning to the terms, all parties and the Court are best served by having these construction / interpretation questions resolved at the earliest possible date to avoid unnecessary time and expense. *Neuhaus v. Richards,* 846 S.W.2d 70 (Tex.—App Corpus Christi 1992, writ granted w.r.m.) (court construed exculpatory clause to relieve trustee of liability for "ordinary" negligence).

20. Due to Petitioners evolving and conflicting claims, Movant seeks partial judgment on the enforcement of the terms of the Trust and Daniel's Trust as such matters are relevant and determinative of such claims.

8

## B. *Traditional Summary Judgment as to the terms of the David Abraham Weiner 1994 Trust*

21.     Pursuant to the terms of the Trust agreement:

i.      A trustee of the Trust has the right to loan or borrow money in any manner with or without security;

ii.     A trustee of the Trust has the right to engage in self-dealing transactions relating to loans, sales and transactions involving related persons;

iii.    A trustee of the Trust may retain, invest or reinvest in assets unproductive of interest and wasting assets;

iv.     The diversification required under the Texas Trust Code and Texas common law, if any, do not apply to the Trust;

v.      Movant and Ms. Warren had a duty to jointly administer the Trust;

vi.     In order to delegate her powers or duties to Movant as co-trustee of the Trust, Ms. Warren must have filed a written instrument with the records of the Trust;

vii.    Ms. Warren has not properly delegated or released any power granted to her as a co-trustee of Trust; and

viii.   Movant has no liability relating to his actions as trustee of the Trust other than for acts and omissions found to be made with gross negligence, bad faith or fraud.

*I.      Pursuant to the terms of the Trust, the trustee of the Trust has the right to loan or borrow money, in any manner, with or without security, from the Trust.*

22.     The Trust specifically authorizes the trustee to loan or borrow money, as follows:

(c)  **Transfers, Loans.** The trustee may lease, sell, transfer, or encumber in any manner (including with purchase money mortgages) all or any part of the trust estate, and may loan or borrow money in any manner (including by joint and several obligations) with or without security.  Subject to the provisions of Paragraph E-3(a),

*See* Exhibit A § E-1(c); Exhibit B § E-1(c).

23.     The express terms of Section E-1(c) are clear in that Movant, as trustee, has the authority to loan or borrow money from the Trust, with or without security.  With limited exceptions, Section 111.0035 of the Texas Property (Trust) Code and Texas common law, if any, provide that the terms of the Trust prevail over any provision in the Texas Property Code.  The

9

092865/000002
376 - 1095884v1

ability to make loans as set forth in the Trust is not prohibited by Section 111.0035(b). TEX. PROP. CODE § 111.0035(b).

24. Accordingly, Movant is entitled to judgment as a matter of law that Movant, as trustee of the Trustee, has the right to loan or borrow money, in any manner, with or without security, from the Trust.

2. ***Pursuant to the terms of the Trust, the trustee of the Trust has the right to engage in self-dealing transactions relating to loans, sales and transactions involving related persons.***

25. The Trust specifically grants the trustee the right to engage in self-dealing transactions relating to loans, sales and transactions involving related persons, as provided for in the below sections:

> without security. Subject to the provisions of Paragraph E-3(a), the trustee may purchase assets from the estate of a trustor and may loan funds to the estate of a trustor at such rate of interest and with such security as the trustee determines to be in the best interests of the current beneficiaries of the trust.

*See* Exhibit A § E-1(c); Exhibit B § E-1(c).

> (d) **Dealings With Related Parties**. The trustee may deal with any person or entity regardless of any relationship or identity of any trustee to or with that person or entity and may hold or invest all or any part of the trust estate in common or undivided interests with that person or entity.

*See* Exhibit A § E-1(d); Exhibit B § E-1(d).

26. The power of a trustee of the Trust to make loans as set forth in the Trust agreement is not prohibited by Section 111.0035(b). TEX. PROP. CODE § 111.0035(b).

27. Accordingly, Movant is entitled to judgment as a matter of law that Movant, as trustee, has the right to engage in self-dealing transactions relating to loans, sales and transactions involving related persons.

10

3.  *Pursuant to the terms of the Trust, the trustee of the Trust may retain, invest or reinvest in assets unproductive of interest and wasting assets.*

28.  The Trust expressly states that the trustee may retain, invest or reinvest in assets unproductive of interest and wasting assets, as follows:

> (a) Trust Estate. The trustee may invest and reinvest all or any part of the trust estate in property of any description and may retain as a part of the trust estate any property acquired at any time and in any manner. Specifically, and without regard to the provisions of any applicable state law, the trustee may retain, or invest and reinvest in, property unproductive of income, shares of open or closed end investment trusts or companies, wasting assets, and any other property, regardless of location and without regard to any requirement of diversification as to kind or amount.

*See* Exhibit A § E-1(a); Exhibit B § E-1(a).

29.  The power of a trustee of the Trust to retain, invest or reinvest in assets unproductive of interest and wasting assets, as set forth in the Trust agreement is not prohibited by Section 111.0035(b). TEX. PROP. CODE § 111.0035(b). Accordingly, Movant is entitled to judgment as a matter of law that Movant, as trustee, may retain, invest or reinvest in assets unproductive of interest and wasting assets.

4.  *The diversification requirements under the Texas Trust Code and Texas common law, if any, do not apply to the Trust.*

30.  Section 111.0035 of the Texas Property (Trust) Code and Texas common law, if any, provide that the terms of a trust prevail over any provision in the Texas Property Code. TEX. PROP. CODE § 111.0035.

31.  Pursuant to the Texas Property (Trust) Code, in the event of discrepancies or differences between the terms of the Trust and applicable law, the terms of the Trust prevail.

32.  The Texas Property (Trust) Code specifically addresses diversification, as follows:

> A trustee shall diversify the investments of the trust unless the trustee reasonably determines that, because of special circumstances, the purposes of the trust are better served without diversifying.

11

TEX. PROP. CODE § 117.005.

33.     However, the Trust specifically provides that the trustee may "invest and reinvest . . . without regard to the provisions of any applicable state law . . . and without regard to any requirement of diversification as to kind or amount." *See* Exhibit B § E-1(a). Therefore, the Trust specifically states that the trustee has no duty to diversify investments of the Trust.

34.     Accordingly, as a matter of law, this Court should find that the terms of the Trust prevail over any applicable statutory provisions and, as such, the trustee of the Trust had no duty to diversify investments of the Trust.

**5.      *Pursuant to the terms of the Trust, Movant and Ms. Warren had a duty to jointly administer the Trust.***

35.     Movant and Ms. Warren were named as initial co-trustees of the Trust. Pursuant to Texas Property (Trust) Code, co-trustees are to act jointly in administering the Trust. TEX. PROP. CODE § 113.085.

36.     As such, this Court should find, as a matter of law, that Ms. Warren and Movant, as co-trustees of the Trust, had a duty to jointly administer the Trust.

**6.      *In order to delegate her powers or duties to Movant as co-trustee of the Trust, Ms. Warren must have filed a written instrument with the records of the Trust.***

37.     Pursuant to Texas Property (Trust) Code Section 113.085(c):

(c)     A co-trustee **shall participate in the performance of a trustee's function** unless the co-trustee:
(1)     **is unavailable to perform** the function because of absence, illness, disqualification under other law, or other temporary incapacity; or
(2)     **has delegated the performance of the function to another trustee** in accordance with the terms of the trust or applicable law, has communicated the delegation to all other co-trustees, and has filed the delegation in the records of the trust.

TEX. PROP. CODE § 113.085 (c) (emphasis added).

12

38. The Trust expressly provides that a co- trustee may only release or delegate her powers as follows:

> E-4. Release and Delegations of Powers. Any power granted to a trustee may be released, in whole or in part, temporarily or permanently. Except as provided in Paragraph E-3, any such power may be delegated, in whole or in part, temporarily or permanently, to any other trustee then acting. A release or delegation *shall be by written instrument filed with the records of each trust to which the release or delegation applies*.

*See* Exhibit A § E-4; Exhibit B § E-4 (emphasis added).

39. As such, this Court should find, as a matter of law, that in order to delegate her powers or duties to Movant as co-trustee of the Trust, Ms. Warren must have filed a written instrument with the records of the Trust.

### 7. *Ms. Warren has not properly delegated or released any power granted to her as a co-trustee of Trust.*

40. It is undisputed that Ms. Warren was appointed as initial co-trustee of the Trust, with Movant. *See* Exhibits A and B. There is no claim that Ms. Warren has been unavailable to perform her duties as co-trustee because of absence, illness, disqualification under other law or other temporary incapacity. TEX. PROP. CODE § 113.085(c)(1). Rather, Ms. Warren's status as a co-trustee was confirmed in the Agreed Decree of Divorce. *See* Exhibit C Pg. 10.

41. Ms. Warren never delegated the performance of her co-trustee functions to Movant. TEX. PROP. CODE § 113.085(c)(2); *see* Exhibit F. Ms. Warren has never communicated her supposed delegation to Movant nor has she filed a written instrument delegating any or releasing any powers to Movant, as required by the terms of the Trust. Exhibit F.

42. As such, this Court should find that, as a matter of law, Ms. Warren has not properly delegated her powers or duties as a co-trustee to Movant.

13

8. ***Movant has no liability relating to his actions as trustee of the Trust other than for acts and omissions found to be made with gross negligence, bad faith or fraud.***

43.     As co-trustee of the Trust, Movant has no liability for his actions, other than for acts and omissions found to be made with gross negligence, bad faith or fraud.

44.     Section D-3(b) of the Trust provides:

(b)  **Liabilities.**  This agreement shall always be construed in

favor of the validity of any act by or omission of any trustee. A trustee shall not be liable for any act or omission except in the case of gross negligence, bad faith or fraud. Specifically, in assessing the propriety of any investment of a trust estate, the overall performance of the entire trust estate shall be taken into account.

*See* Exhibit A § D-3(b).

45.     Accordingly, Movant is entitled to judgment as a matter of law that, as co-trustee of the trust, he has no liability other than for acts and omissions found to be made with gross negligence, bad faith or fraud.

C.      ***Traditional Summary Judgment as to the terms of the Daniel Steven Weiner 1996 Trust***

46.     To the extent Daniel has standing to intervene in this proceeding, Movant asks this Court to find, as a matter of law, that pursuant to the terms of the Trust agreement establishing Daniel's Trust, the following:

i.      A trustee of Daniel's Trust has the right to loan or borrow money in any manner with or without security;

ii.     A trustee of Daniel's Trust has the right to engage in self-dealing transactions relating to loans, sales and transactions involving related persons;

iii.    A trustee of Daniel's Trust may retain, invest or reinvest in assets unproductive of interest and wasting assets;

iv.     The diversification required under the Texas Trust Code and Texas common law, if any, do not apply to Daniel's Trust;

v.      Movant and Ms. Warren had a duty to jointly administer Daniel's Trust;

14

vi.    In order to delegate her powers or duties to Movant as co-trustee of Daniel's Trust, Ms. Warren must have filed a written instrument with the records of the Trust;

vii.   Ms. Warren has not properly delegated or released any power granted to her as a co-trustee of Daniel's Trust; and

viii.  Movant has no liability relating to his actions as trustee of Daniel's Trust other than for acts and omissions found to be made with gross negligence, bad faith or fraud.

47.    Movant hereby incorporates by reference the arguments and authority set forth in the foregoing Paragraphs 2-46.

## VI.
## CONCLUSION

48.    Despite Petitioner's and Intervenor's allegations to the contrary, (1) the terms of the Trust and Daniel's Trust specifically grant the trustee the right to (i) loan or borrow money in any manner with or without security, (ii) engage in self-dealing transactions relating to loans, sales and transactions involving related persons, (iii) retain, invest or reinvest in assets unproductive of interest and wasting assets; (2) the diversification requirements under the Texas Trust Code and Texas common law, if any, do not apply to the Trust; (3) Movant and Ms. Warren had a duty to jointly administer the Trust; (4) Ms. Warren did not properly delegate her powers or duties to Movant as co-trustee of the Trust; and (5) Movant has no liability for acts and omissions other than those to be found to be made with gross negligence, bad faith or fraud.

WHEREFORE, Movant Andy I. Weiner, as Co-Trustee of the David Abraham Weiner 1994 Trust and Co-Trustee of the Daniel Steven Weiner 1996 Trust, requests that this Court set this matter for prompt hearing and, upon conclusion of that hearing, the Court grant this Motion for Partial Traditional Summary Judgment, and for such other and further relief as to which Movant may show himself justly entitled to receive.

15

Respectfully submitted,

**CRAIN, CATON & JAMES,**
**A PROFESSIONAL CORPORATION**

By: _____
SARAH PATEL PACHECO
(TBA # 00788164)
KATHLEEN TANNER BEDUZE
(TBA # 24052205)
1401 McKinney, 17th Floor
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 (Facsimile)

*Attorneys for Andy Weiner*

16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

Carol A. Cantrell / Meredith N. McIver
Cantrell & Cowan, PLLC
3700 Buffalo Speedway, Suite 520
Houston, Texas 77098
Facsimile: (713) 333-0550

Thomas R. Conner
Conner & Lindamood, P.C.
1221 Lamar, Suite 1010
Houston, Texas 77010
Facsimile: (713) 654-8115

by e-file, facsimile and/or certified mail, return receipt requested, on the 15th day of July, 2014.

KATHLEEN TANNER BEDUZE

092865/000002
376 - 1095884v1

NO. 425,577

| | | |
|---|---|---|
| IN RE: | § | IN PROBATE COURT |
| | § | |
| DAVID ABRAHAM WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

## FIRST SUPPLEMENT TO ANDY WEINER'S CROSS-CLAIMS
## AGAINST KATHERINE WARREN F/K/A KATHERINE WEINER

TO THE HONORABLE JUDGE OF SAID COURT:

Andy Weiner ("Mr. Weiner") files his First Supplement to Cross-Claims against Katherine F. Warren f/k/a Katherine Weiner and, in support thereof, respectfully shows the following:

### I.
### Supplemental Cross-Claims Against Katherine Warren

1. To supplement his cross-claims and factual background supporting same, Mr. Weiner hereby incorporates by this reference, as if fully set forth herein, his Motion for Partial Traditional Summary Judgment, on file with this Court.

### II.
### Supplemental Prayer

2. In addition to the relief sought in Mr. Weiner's Cross-Claims Against Katherine Warren f/k/a Katherine Weiner, Mr. Weiner prays that the Court grants the additional relief set forth in this First Supplement to Cross-Claims.

Respectfully submitted,

**CRAIN, CATON & JAMES,
A PROFESSIONAL CORPORATION**

By: /s/ Kathleen Tanner Beduze
      SARAH PATEL PACHECO
      (TBA # 00788164)
      KATHLEEN TANNER BEDUZE
      (TBA # 24052205)
      1401 McKinney, 17th Floor
      Houston, Texas 77010
      (713) 658-2323
      (713) 658-1921 (Facsimile)

*Attorneys for Andy Weiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

| | |
|---|---|
| Carol A. Cantrell / Meredith N. McIver<br>Cantrell & Cowan, PLLC<br>3700 Buffalo Speedway, Suite 520<br>Houston, Texas 77098<br>Facsimile: (713) 333-0550 | Thomas R. Conner<br>Conner & Lindamood, P.C.<br>1221 Lamar, Suite 1010<br>Houston, Texas 77010<br>Facsimile: (713) 654-8115 |

by e-file and/or facsimile on the 7th day of August, 2014.

/s/ Kathleen Tanner Beduze
KATHLEEN TANNER BEDUZE

2

| IN RE: | § | IN PROBATE COURT |
|---|---|---|
| | § | |
| DAVID ABRAHAM WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

## ANDY WEINER'S FIRST AMENDED CROSS-CLAIM
## AGAINST KATHERINE WARREN F/K/A KATHERINE WEINER

TO THE HONORABLE JUDGE OF SAID COURT:

Andy Weiner ("Mr. Weiner") brings the following amended cross-claim against Katherine F. Warren f/k/a Katherine Weiner ("Ms. Warren"), and in support thereof respectfully shows the following:

### I.
### Overview

1.     Mr. Weiner and Ms. Warren are co-trustees of the David Abraham Weiner 1994 Trust ("David's Trust"). Mr. Weiner and Ms. Warren are likewise co-trustee of the Daniel Stephen Weiner 1996 Trust ("Daniel's Trust"). As such, Mr. Weiner and Ms. Warren are jointly responsible for the administration and liabilities of David's Trust and Daniel's Trust (collectively, the "Trusts"), if any.

2.     Accordingly, Mr. Weiner files his cross-claim against Ms. Warren, as a contribution defendant, seeking to hold her responsible for 50% of any liabilities assessed against the Trusts and/or him relating to the actions sought by any beneficiary, including, but not limited to, holding Ms. Warren liable for 50% of the attorneys' fees, accountant fees, and costs incurred by Mr. Weiner as a result of the above-referenced litigation.

### II.
### Factual Background

3.     On December 13, 1994, Mr. Weiner and Ms. Warren established David's Trust for the

benefit of their then-minor son, David. *See David Abraham Weiner 1994 Trust agreement,* attached hereto as Exhibit A and incorporated by this reference. The irrevocable trust agreement provides that David is the primary beneficiary and Mr. Weiner and Ms. Warren are the co-trustees.

4.  On March 11, 1996, Mr. Weiner and Ms. Warren established Daniel's Trust for the benefit of their then-minor son, Daniel S. Weiner ("Daniel"). *See Daniel Steven Weiner 1996 Trust,* attached hereto as Exhibit B and incorporated by this reference. The irrevocable trust agreement provides that Daniel is the primary beneficiary and Mr. Weiner and Ms. Warren are the original co-trustees. Exhibit B.

5.  Both David's Trust agreement and Daniel's Trust agreement specifically provide that:

   a.  Ms. Warren and Mr. Weiner are to act jointly as co-trustees;
   b.  A trustee shall not be held liable for any act or omission, except in the case of gross negligence, bad faith or fraud; and
   c.  The overall performance of the Trust shall be taken into account when assessing the propriety of any investment of the Trust.

*See* Exhibits A and B.

6.  Additionally, the agreements of the Trusts grant Ms. Warren and Mr. Weiner, as co-trustees of the Trusts, the general powers to: (i) invest and reinvest the Trust assets[1]; (ii) lease, sell, transfer or encumber, in any manner, all or any part of the Trust[2]; and (iii) loan or borrow money from the Trust, in any manner.[3]

7.  Ms. Warren and David's original lawsuit, filed solely against Mr. Weiner, sought an order from this Court to either distribute David's Trust funds to David free of trust or, alternatively, to award Ms. Warren sole and exclusive control over a new account (a Uniform

---

[1] Exhibit A § E-1(a); Exhibit B § E-1(a).
[2] Exhibit A § E-1(c); Exhibit B § E-1(a).
[3] Exhibit A § E-1(c); Exhibit B § E-1(a).

2

Transfers to Minors Act account created for David's benefit), even though the Trust agreement and the Divorce Decree provide otherwise. In the original Petition, Ms. Warren and David stated that Ms. Warren would submit an accounting and sought her discharge from any liabilities relating to the Trust.

8.     Since originally filed, counsel for Ms. Warren and David has filed an amended petition that now names only David as the Petitioner, and Mr. Weiner and Ms. Warren as Respondents. In the amended petition, David instead sought to be his own trustee.

9.     David testified in his partial deposition that he is not aware of any breaches of trust by either Mr. Weiner or Ms. Warren. Irrespective of this testimony under oath, David filed yet another amended petition asserting various claims solely against Mr. Weiner, even though both Mr. Weiner and Ms. Warren have served as co-trustees since the inception of David's Trust.

10.    Since the filing of David's second amended petition, Daniel, David's younger brother, filed an original petition in intervention in this proceeding.[4]

11.    As co-trustees of the Trust, Mr. Weiner and Ms. Warren are jointly responsible for the administration of the Trust. Accordingly, in the event damages are assessed against Mr. Weiner due to his role as co-trustee of David's Trust and/or Daniel's Trust, Ms. Warren is responsible for 50% of those damages, in addition to 50% of Mr. Weiner's attorneys' fees and costs incurred in defending this action.

### III.
### Cross-Claim Against Katherine Warren

12.    Mr. Weiner incorporates by reference the factual allegations contained within the preceding Paragraphs 1 through 11.

---

[4] Mr. Weiner does not concede that Daniel has standing to bring any claims against Mr. Weiner in this proceeding nor does Mr. Weiner agree with Daniel's alleged legal basis to intervene in the above-referenced proceeding.

092865/000002
376 - 1222517v1

A.    **Cross-Claim for Contribution.**

13.    In David's Second Amended Petition, he seeks to hold Mr. Weiner liable for breaches of fiduciary duty in his capacity as David's Trust. *See* Second Amended Petition at ¶14, on file with this Court.

14.    Likewise, in Daniel's Petition in Intervention, Daniel seeks to hold Mr. Weiner liable for breaches of fiduciary duty in his capacity as co-trustee of Daniel's Trust. *See* Petition in Intervention at ¶34, on file with this Court.

15.    It is undisputed that Mr. Weiner and Ms. Warren were named as initial co-trustees of both David's Trust and Daniel's Trust. Pursuant to Texas Property (Trust) Code, co-trustees are to act jointly in administering the Trust. TEX. PROP. CODE § 113.085. Ms. Warren has failed to jointly administer the Trusts with Mr. Weiner.

16.    Further, Ms. Warren has failed to delegate her powers or duties as co-trustee of the Trusts to Mr. Weiner. Pursuant to Texas Property (Trust) Code Section 113.085(c):

> (c)    A co-trustee **shall participate in the performance of a trustee's function** unless the co-trustee:
> (1)    **is unavailable to perform** the function because of absence, illness, disqualification under other law, or other temporary incapacity; or
> (2)    **has delegated the performance of the function to another trustee** in accordance with the terms of the trust or applicable law, has communicated the delegation to all other co-trustees, and has filed the delegation in the records of the trust.

TEX. PROP. CODE § 113.085 (c) (emphasis added).

17.    And, the Trusts expressly provide that a co-trustee may only release or delegate her powers as follows:

> E-4. Release and Delegations of Powers. Any power granted to a trustee may be released, in whole or in part, temporarily or permanently. Except as provided in Paragraph E-3, any such power may be delegated, in whole or in part, temporarily or permanently, to any other trustee then acting. A

4

release or delegation *shall be by written instrument filed with the records of each trust to which the release or delegation applies*.

*See* Exhibit A § E-4 (emphasis added); Exhibit B § E-4 (emphasis added).

18. Ms. Warren never communicated any intent to delegate her co-trustee duties to Mr. Weiner nor has she filed a written instrument delegating or releasing any powers to Mr. Weiner, as required by the terms of the Trusts. In short, there is no evidence that Ms. Warren has delegated the performance of her co-trustee functions to Mr. Weiner. TEX. PROP. CODE § 113.085(c)(2).

19. Thus, pursuant to Section 33.016 of the Texas Civil Practice & Remedies Code, Mr. Weiner asserts a contribution claim against Ms. Warren for any liability that may be imposed on him pursuant to the breach of fiduciary duty claims brought by David and/or Daniel in the instant litigation.

## IV.
## Relief Requested

20. With regard to claims by David and/or related to David's Trust, Mr. Weiner, individually and as co-trustee, respectfully requests the following relief:

a. To the extent of any claims of David, Ms. Warren shall be held responsible for all actions and alleged inactions of the trustees;

b. To the extent of any claims of David, Ms. Warren shall be held equally liable for all claimed damages and relief sought by David, as finally determined, if any;

c. Ms. Warren shall be held liable for any and all violations of David's Trust agreement, including any plan or scheme to collude with David;

d. Ms. Warren shall be held equally responsible for the preparation and submission of any accounting determined to be due and personally bear one-half of the costs of the accounting pursuant to §113.151 of the Texas Trust Code; and

e. Ms. Warren shall be ordered to pay one-half of Mr. Weiner's attorneys' fees and costs incurred as a result of defending the lawsuit.

5

21. With regard to claims by Daniel and/or related to Daniel's Trust, Mr. Weiner, individually and as co-trustee, respectfully requests the following relief:

a. To the extent any claims of Daniel are validly asserted in this proceeding, Ms. Warren shall be held responsible for all actions and alleged inactions of the trustees;

b. To the extent any claims of Daniel are validly asserted in this proceeding, Ms. Warren shall be held equally liable for all claimed damages and relief sought by Daniel, as finally determined, if any;

c. Ms. Warren shall be held liable for any and all violations of Daniel's Trust agreement, including any plan or scheme to collude with Daniel;

d. Ms. Warren shall be held equally responsible for the preparation and submission of any accounting determined to be due, and personally bear one-half of the costs of the accounting pursuant to §113.151 of the Texas Trust Code; and

e. Ms. Warren shall be ordered to pay one-half of Mr. Weiner's attorneys' fees and costs incurred as a result of defending the lawsuit.

WHEREFORE, Andy Weiner respectfully requests that this Court grant the above-requested relief, and for such other and further relief as to which he may show himself justly entitled to receive.

Respectfully submitted,

**CRAIN, CATON & JAMES,**
**A PROFESSIONAL CORPORATION**

By: /s/ Kathleen Tanner Beduze
SARAH PATEL PACHECO
(TBA # 00788164)
KATHLEEN TANNER BEDUZE
(TBA # 24052205)
1401 McKinney, 17th Floor
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 (Facsimile)

*Attorneys for Andy Weiner*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

Carol A. Cantrell / Meredith N. McIver
Cantrell & Cowan, PLLC
3700 Buffalo Speedway, Suite 520
Houston, Texas 77098
Facsimile: (713) 333-0550

Thomas R. Conner
Conner & Lindamood, P.C.
1221 Lamar, Suite 1010
Houston, Texas 77010
Facsimile: (713) 654-8115

by e-file, facsimile and/or certified mail, return receipt requested, on the 26th day of August, 2014.

/s/ Kathleen Tanner Beduze
KATHLEEN TANNER BEDUZE

7

No. 425577

| IN RE: | § | PROBATE COURT |
|---|---|---|
| | § | |
| DAVID ABRAHAM WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

## AGREED DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the Court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **9/12/14**     **JOINDER**. All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THE SCHEDULING ORDER AT THE TIME OF SERVICE

2. _____ **EXPERT WITNESS DESIGNATION**. Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6:
(a) **12/1/14**     Experts for parties seeking affirmative relief. (Plaintiff) and Intervenor, if still in case
(b) **1/16/15**     All other experts. (Defendant).

3. _____ **DISCOVERY LIMITATIONS**. The discovery limitations of Rule 190.2, if applicable, or otherwise, of Rule 190.3, apply, unless changed below:
(a) _____ Total hours per side for oral depositions.
(b) _____ Number of interrogatories that may be served by each party on any other party.
3A. **10/17/14**    Date by which Petitioner and Intervenor must give their deposition.

4. **Sept. 30, 2014**    **ALTERNATIVE DISPUTE RESOLUTION**. ADR conducted pursuant to the agreement of the parties must be completed by this date. **If the parties do not agree on a date and/or facilitator for ADR, the Court may sign an order compelling ADR and appointing a mediator for same.**

5. **8/31/15**     **DISCOVERY PERIOD ENDS**. All discovery must be completed before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

6. _____ **DISPOSITIVE MOTIONS AND PLEAS**. Must be heard as follows:
(a) **3/31/15**   Dispositive motions or pleas subject to an interlocutory appeal must be heard by this date.
(b) **4/27/15**   Summary Judgment motions not subject to an interlocutory appeal must be heard by this date.
(c) **3/31/15**   Rule 166a(i) motions may not be filed before this date.

7. **4/10/15**     **CHALLENGES TO EXPERT TESTIMONY**. All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

8. **3/31/15**     **PLEADINGS**. All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

App. 9

9. _April 23, 2015   noon_   **JOINT PRETRIAL ORDER.**   Parties shall provide to the Court, by fax, email, or delivery to our offices, a copy of the signed Agreed Joint Pretrial Order by this date. Parties shall bring the original Agreed Joint Pretrial Order to the Pretrial Conference.

10. _April 27, 2015   1:00 pm_   **PRETRIAL CONFERENCE.**   Parties shall be prepared to discuss all aspects of trial with the Court at this time. Parties shall file and exchange (if jury trial) proposed jury charge questions, instructions and definitions at this conference. Parties should be prepared to mark exhibits.  Failure to appear will be grounds for dismissal for want of prosecution.

11. _May 4, 2015   9 am_   **TRIAL.**

Signed this _27_ day of _August_, 201_4_.

_Christine Brown_
Judge Presiding

**Party:** David Warren & Daniel Warren

Counsel Name: Carol Cantrell

SBN: 24043592

Counsel Signature: Carol Cantrell

Firm: Cantrell & Cantrell

Address: 3700 Buffalo Spdwy Ste 520

Phone: 713 - 333 - 0555

Fax: 713 - 333 - 0550

Email: ccantrell@cctaxlaw.com

**Party:** Katherine Warren

Counsel Name: Tom Conner

SBN: _____

Counsel Signature: _____

Firm: _____

Address: _____

Phone: _____

Fax: _____

Email: _____

**Party:** Andy Weiner

Counsel Name: Sarah Patel Pacheco

SBN: 00788164

Counsel Signature: Sarah Pacheco

Firm: Crain, Caton & James, PC

Address: 1401 McKinney, Fl 17

Phone: 713 - 658 - 2323

Fax: 713 - 658 - 1921

Email: spacheco@craincaton.com

**Party:** _____

Counsel Name: _____

SBN: _____

Counsel Signature: _____

Firm: _____

Address: _____

Phone: _____

Fax: _____

Email: _____

9. __April 3, 2015   noon__   **JOINT PRETRIAL ORDER.**   Parties shall provide to the Court, by fax, email, or delivery to our offices, a copy of the signed Agreed Joint Pretrial Order by this date. Parties shall bring the original Agreed Joint Pretrial Order to the Pretrial Conference.

10. __April 27, 2015   1:00 pm__  **PRETRIAL CONFERENCE.**   Parties shall be prepared to discuss all aspects of trial with the Court at this time. Parties shall file and exchange (if jury trial) proposed jury charge questions, instructions and definitions at this conference. Parties should be prepared to mark exhibits. Failure to appear will be grounds for dismissal for want of prosecution.

11. __May 4, 2015   9 am__   **TRIAL.**

Signed this __27__ day of __August__, 201_4_.

_Christine Britt_
Judge Presiding

FILED
2014 AUG 29 AM 10:10
Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

Party: David Warren & Daniel Warren
Counsel Name: Carol Cantrell
SBN: 24043592
Counsel Signature: _Carol Cantrell_
Firm: Cantrell & Cantrell
Address: 3700 Buffalo Speedway Ste 500
Phone: 713 - 333-0555
Fax: 713 - 333-0550
Email: ccantrell@cctaxlaw.com

Party: Katherine Warren
Counsel Name: Tom Conner
SBN: 04691500
Counsel Signature: _____
Firm: Conner & Lindamood P.C.
Address: 1221 Lamar, Suite 1010 Houston, TX 77010
Phone: 713 654 2112
Fax: 713 654 8115
Email: Tom@lawcl.com

Party: Arcelia Warren
Counsel Name: Savan Patel Pacheco
SBN: 00788164
Counsel Signature: _Savan Pacheco_
Firm: Crain, Caton & James, PC
Address: 1401 McKinney, FL 17
Phone: 713 - 658-2323
Fax: 713 - 658-1921
Email: spacheco@craincaton.com

Party: _____
Counsel Name: _____
SBN: _____
Counsel Signature: _____
Firm: _____
Address: _____
Phone: _____
Fax: _____
Email: _____

No. 425,577

| | | |
|---|---|---|
| IN RE: | § | IN THE PROBATE COURT |
| | § | |
| DAVID ABRAHAM WEINER | § | NO. 4 |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

## DANIEL W. WARREN'S MOTION TO SEVER

Pursuant to the Court's written Order on August 28, 2014 and verbal orders on August 27, 2014, Petitioner, Daniel W. Warren asks the Court to sever his causes of action against Andy I. Weiner into a separate lawsuit with a separate cause number.

### BACKGROUND

1. On September 30, 2013 Petitioner David W. Warren filed an Original Petition for Termination of Trust seeking to terminate the David Abraham Weiner 1994 Trust or alternatively to remove Andy I. Weiner and Katherine R. Warren as trustees.

2. Following the depositions of David W. Warren and Andy I. Weiner on January 16, 2014, Petitioner David W. Warren filed a Second Amended Original Petition on March 13, 2014 claiming breach of fiduciary duty by Andy I. Weiner relating to the David Abraham Weiner 1994 Trust.

3. On April 22, 20914 Petitioner Daniel W. Warren filed an Original Petition in Intervention claiming breach of fiduciary duty by Andy I. Weiner relating to the Daniel S. Weiner 1996 Trust.

4. On June 30, 2014 Andy Weiner served Daniel W. Warren with a Request for Disclosure under TRCP 194 and First Set of Interrogatories, First Request for Production, and First Request for Admissions.

5. On July 8, 2014 Andy Weiner filed a First Supplement to Original Answer and raised numerous affirmative defenses against Daniel W. Warren.

6. The parties have pending cross-motions for summary judgment against each other on

1

App. 10

the breach of fiduciary duty claims.  Respondent Andy Weiner filed his Motion for Partial Traditional Summary Judgment against David W. Warren and Daniel W. Warren on July 15, 2014. David W. Warren and Daniel W. Warren filed their Joint Motion for Partial Summary Judgment against Andy I. Weiner on July 1, 2014.

7.  On August 14, 2014 Respondent Andy Weiner filed Special Exceptions to Daniel Warren's Petition in Intervention asking him to re-plead his separate causes of action.

8.  On August 27, 2014 the Court gave verbal orders to file Daniel's lawsuit separately from David's. [See attached Exhibit C].

9.  On August 28, 2014 the Court issued written orders for Daniel W. Warren to re-plead his causes of action separately from David W. Warren's causes of action. [See attached Exhibit A]

### DANIEL W. WARREN'S SEPARATE CAUSES OF ACTION

10.  Daniel W. Warren has the following separate causes of action with respect to the Daniel S. Weiner 1996 Trust as set forth in his original pleading on April 22, 2014 in Paragraphs 34, 36-45, as follows: (See attached Exhibit D).

a.      By borrowing substantially all of the assets of Daniel's Trust for his own personal use and benefit on April 9, 2009 without interest or collateral in violation of Paragraph E-3(a) of the Trust Agreement and the Texas Trust Code § 113.052,  both of which expressly forbid borrowing by the trustee;

b.      By commingling substantially all of Daniel's Trust assets with Respondent Weiner's own personal funds in violation of the duty of loyalty under Texas Trust Code § 117.007, the duty not to profit by self-dealing with the trust under Texas Trust Code § 114.0001(a), and the common law duty to segregate trust assets;

c.      By investing over 65 percent of Daniel's Trust assets in Weiner Stores, Inc. in 1999, resulting in a material loss to the trust in violation of the prudent investor rule under Texas Trust Code § 117.004;

2

d.    By failing to properly diversify Daniel's Trust property resulting in a material loss to the trust in violation of the duty to diversify under Texas Trust Code § 117.005;

e,    By failing to prudently invest Daniel's Trust property resulting in a material loss to the trust in violation of the prudent investor rule under Texas Trust Code § 117.004;

f.    By failing to render an accounting despite written demand by Daniel S. Weiner on December 19, 2013 in violation of the duty to account under Texas Trust Code §§ 113.151 and 113.152.

## ARGUMENT & AUTHORITIES FOR SEVERANCE

11.   In verbal and written orders on August 27 and 28, 2014, the Court ordered Daniel Warren to file his lawsuit separately from David's. [See Exhibits A and C] Texas Rule of Civil Procedure 41 provides that:

> ### TRCP 41. MISJOINDER & NONJOINDER OF PARTIES
>
> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately.

12.   A lawsuit may be separated into two separate suits (1) if it involves more than one distinct and separate cause of action, (2) the severed cause could have been independently asserted in a separate lawsuit, and (3) the severed cause is not so interwoven with the remaining action that they involve the same facts and issues. Tex. R. Civ. P. 41; *In re State*, 355 S.W.3d 611, 614 (Tex. 2011); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007); *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996).

13.   When considering whether a cause of action should be severed, the court should be guided by doing justice, avoiding prejudice, and furthering the convenience of the parties and the court. *In re State*, 355 S.W.3d at 613; *F.F.P. Operating Partners*, 237 S.W.3d at 693;

3

*Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990); *Owens v. Owens*, 228 S.W.3d 721, 726 (Tex. App.—Houston [14th Dist.] 2006, *pet. dism'd*).

14. The Court should grant the severance because the Court ordered Daniel W. Warren to separate his causes of action into a separate lawsuit [Exhibit A and Exhibit C] and because Daniel Warren's separate causes of action meet the grounds for severance in that they could have been independently asserted in a separate lawsuit and his facts are not so interwoven with David's that they cannot be separated.

## PRAYER

15. For these reasons and pursuant to the Court's written and verbal Orders, Daniel W. Warren asks the Court to:

(a) sever his claims for breach of fiduciary duty against Andy I. Weiner with respect to the Daniel S. Weiner 1996 Trust from David's causes of action in this case and order the Clerk to assign a new number to Daniel Warren's separate cause and copy the documents identified in Exhibit B, the docket sheet, and the Court's Order to the severed file.

By: /s/ Carol A. Cantrell
Carol A. Cantrell, Attorney for Daniel S. Weiner
Texas Bar No.: 24043592
Meredith N. McIver
Texas Bar No.: 24078974
3700 Buffalo Speedway, Suite 520
Houston, TX 77098
Phone: 713-333-0555
Fax: 713-333-0550

## CERTIFICATE OF CONFERENCE

I did not confer with opposing counsel on this motion because this motion is pursuant to the Court's written and verbal orders dated August 27-28, 2014 to separate Daniel W. Warren's causes of action into a separate lawsuit.

Therefore, this matter is presented to the Court for determination.

4

By: /s/ Carol A. Cantrell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been duly served by electronic service to counsel of record indicated below on September 8, 2014.

Sarah Patel Pacheco
Kathleen Tanner Beduze
Crain Caton & James
Five Houston Center,
1401 McKinney, 17th Floor
Houston, TX 77010
spacheco@craincaton.com
713-658-1921 (facsimile)
ATTORNEY FOR RESPONDENT ANDY I. WEINER

Thomas R. Conner
Conner & Lindamood, P.C.
1221 Lamar, Suite 1010
Houston, TX 77010
tom@lawcl.com
713-654-8115 (facsimile)
ATTORNEY FOR CROSS-DEFENDANT KATHERINE R. WARREN

By: /s/ Carol A. Cantrell

5

No. 425577

| IN RE: | § | PROBATE COURT |
| | § | |
| DAVID ABRAHAM WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

## ORDER PARTIALLY GRANTING AND PARTIALLY DENYING
## ANDY WEINER'S MOTION FOR PARTIAL TRADITIONAL SUMMARY JUDGMENT

On this date, the Court, having considered Andy Weiner's Motion for Partial Traditional Summary Judgment ("Summary Judgment") as it relates to the David Abraham Weiner 1994 Trust only and Petitioners' Response thereto, PARTIALLY GRANTS such Summary Judgment as follows:

Pursuant to the terms of the David Abraham Weiner 1994 Trust (the "Trust") agreement,

1. A trustee of the Trust may retain, invest or reinvest in assets unproductive of interest and wasting assets;

2. The diversification required under the Texas Trust Code and Texas common law, if any, does not apply to the Trust;

3. Andy Weiner and Katherine Warren f/n/a Katherine Friedman Weiner ("Ms. Warren") had a duty to jointly administer the Trust;

4. In order to delegate her powers or duties to Movant as co-trustee of the Trust, Ms. Warren must have filed a written instrument with the records of the Trust; and

5. Andy Weiner has no liability relating to his actions as trustee of the Trust other than for acts and omissions found to be made with gross negligence, bad faith or fraud.

Signed September ___25___, 2014.

_Christine Butts_
JUDGE CHRISTINE BUTTS
HARRIS COUNTY PROBATE COURT FOUR

App. 11

No. 425,577

| | | |
|---|---|---|
| IN RE: | § | IN THE PROBATE COURT |
| | § | |
| DAVID ABRAHAM WEINER | § | NO. 4 |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

## ORDER

On this date, the Court having considered Daniel W. Warren's Motion to Sever and the Court's written and verbal Orders on August 27-28, 2014, PARTIALLY GRANTS the Motion to Sever as follows. It is

ORDERED that Daniel W. Warren shall restate the claims set forth in his Motion to Sever as a new Original Petition and complete service pursuant to the rules that would apply to a new lawsuit. It is further,

ORDERED that the Court Clerk assign Cause No. 425,576-401 to Daniel W. Warren's new Original Petition. It is further,

ORDERED that Daniel W. Warren file all future pleadings, motions, and other papers under Cause No. 425,576-401 as Petitioner rather than Intervenor. It is further,

ORDERED that all prior discovery, orders, motions, responses, and answers pertaining to Daniel W. Warren in Cause No. 425,577 shall apply in the same manner as if such had occurred in Cause No. 425,576-401. It is further,

ORDERED that Cause No. 425,576-401 is subject to the Agreed Docket Control Order dated August 27, 2014 and will be consolidated for trial with Cause No. 425,577, In Re: David Abraham Weiner 1994 Trust. It is further,

ORDERED, that if Daniel W. Warren fails to file a new Original Petition by November 21, 2014 as cause No. 425,576-401, his pleading in Cause No. 425,577 will be dismissed.

App. 12

SIGNED on November 5, 2014.

_Christine Bown_
PRESIDING JUDGE

NO. 425,577

| IN RE: | § | IN PROBATE COURT |
| | § | |
| DAVID ABRAHAM WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

## ORDER ON ANDY WEINER'S MOTION TO COMPEL
## DEPOSITION OF KATHERINE WARREN

On this day, the Court heard the Motion to Compel Deposition of Katherine Warren filed by Andy Weiner, and after considering the Motion, any responses thereto, the pleadings, and the arguments of counsel, the Court finds that the Motion should be GRANTED. It is therefore,

ORDERED that the Motion to Compel Deposition of Katherine Warren is hereby GRANTED. It is further,

ORDERED that Katherine Warren shall appear for her deposition before counsel for Andy Weiner on March 25 , 2015, at 10:00 (a.m)/p.m. at the office of Conner & Lindamood, P.C.

Signed this 20 day of february , 2015.

_____
JUDGE PRESIDING

FILED
2015 FEB 20 AM 9: 48
COUNTY CLERK
HARRIS COUNTY, TEXAS

092865/000002
376 - 1399590v1

App. 13

NO. 425,577

| | | |
|---|---|---|
| IN RE: | § | IN THE PROBATE COURT |
| | § | |
| DAVID ABRAHAM WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1994 TRUST | § | HARRIS COUNTY, TEXAS |

## CROSS-NOTICE OF THIRD NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF KATHERINE WARREN f/k/a KATHERINE WEINER

Pursuant to the Texas Rules of Civil Procedure, you are hereby notified that after the expiration of reasonable notice, counsel for Cross-Defendant, KATHERINE WARREN, intends to take the oral deposition of KATHERINE WARREN f/k/a KATHERINE WEINER, on the **25th day of March, 2015**, commencing at 10:00 a.m., in the law offices of Conner & Lindamood, P.C., 1221 Lamar, Suite 1010, Houston, Texas 77010 and will be taken before an officer authorized by law to take depositions and will continue day to day thereafter until complete.

Pursuant to Rule 199.1 of the Texas Rules of Civil Procedure, you are advised that this deposition will be recorded on videotape in addition to the usual stenographic recording.

You are notified, in accordance with rule 199.5 of the Texas Rules of Civil Procedure, that the identities of persons who will attend the taking of this deposition, other than the witness, parties, spouses of parties, counsel, employees of counsel, and the officer taking the deposition, are as follows: Videographer and Carol Cantrell.

Respectfully submitted,

**CONNER & LINDAMOOD, P.C.**

By: _____
Thomas R. Conner
State Bar No. 04691500
1221 Lamar, Suite 1010
Houston, Texas 77010
Tel:  (713) 654-2112
Fax:  (713) 654-8115
Email: tom@lawcl.com
Attorney for KATHERINE WARREN

App. 14

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on March ___, 2015.

Thomas R. Conner
Attorney for KATHERINE WARREN

DV

**PROBATE COURT 4**

NO. 425,576-401

| | | |
|---|---|---|
| IN RE: | § | IN PROBATE COURT |
| | § | |
| DANIEL STEVEN WEINER | § | NUMBER FOUR (4) OF |
| | § | |
| 1996 TRUST | § | HARRIS COUNTY, TEXAS |

## MOTION FOR SUBSTITUTED SERVICE

TO THE HONORABLE JUDGE OF SAID COURT:

Andy Weiner, as co-trustee of the Daniel Steven Weiner 1996 Trust ("Mr. Weiner"), files this motion for substituted service of process on Daniel Warren f/k/a Daniel Steven Weiner, a necessary party, and, in support thereof, respectfully shows the following:

1. On March 24, 2015, Andy Weiner filed his Counter and Cross-Petition against Katherine Warren. Daniel Warren f/k/a Daniel Steven Weiner ("Daniel"), as primary beneficiary of the Daniel Steven Weiner 1996 Trust, is a necessary party to the Counter and Cross-Petition.

2. Mr. Weiner has attempted to secure service of his Counter and Cross-Petition upon Daniel at his presumed place of residence, located at 1226 Muirfield Place, Houston, Texas 77055 (the "Residence"). Each of these attempts has failed. The efforts of Mr. Weiner's private process server, Janet Robbins, are more fully set forth in her Affidavit of Due Diligence, attached hereto as Exhibit A and incorporated by this reference as if fully set forth herein.

3. Six attempts have been made to effect service on Daniel: on March 31, 2015 at 5:45 p.m. at the Residence; April 1, 2015 at 8:20 a.m. at the Residence; April 2, 2015 at 10:45 at the Residence; April 4, 2015 at 11:50 a.m. at the Residence; April 7, 2015 at 7:50 p.m. at the Residence; and April 8, 2015 at 2:40 p.m. at the Residence. It has not been possible to serve Daniel on these occasions as Daniel has either not been at home or refused to answer the door, thus evading said service.

App. 15

4.     Mr. Weiner requests that this Court authorize him to serve Daniel by and through Rule 106(b) of the Texas Rules of Civil Procedure, which permits service by leaving a true copy of the citation, with a copy of the Counter and Cross-Petition attached, with anyone over the age of sixteen years of age who answers the door at the Residence or by attaching the citation and Counter and Cross-Petition to the front door of Daniel's place of residence or place where Daniel can actually be found, located at 1226 Muirfield Place, Houston, Texas 77055. Either of these methods is reasonably effective to give Daniel notice of the Counter and Cross-Petition.

WHEREFORE, Andy Weiner, as co-trustee of the Daniel Steven Weiner 1996 Trust, requests that this Court (1) grant this Motion for Substituted Service; (2) authorize Mr. Weiner to serve Daniel through an appropriate form of alternate service (i) by leaving a true copy of the citation, with a copy of the Counter and Cross-Petition attached, with anyone over sixteen years of age at Daniel's place of residence located at 1226 Muirfield Place, Houston, Texas 77055 or (ii) by attaching the citation and Counter and Cross-Petition to the front door or front porch of the Residence, located at 1226 Muirfield Place, Houston, Texas 77055, in accordance with Rule 106(b) of the Texas Rules of Civil Procedure; and (3) grant Mr. Weiner such other and further relief to which he may show himself justly entitled.

2

Respectfully submitted,

**CRAIN, CATON & JAMES,**
**A PROFESSIONAL CORPORATION**

By: /s/ *Kathleen Tanner Beduze*
    SARAH PATEL PACHECO
    (TBA # 00788164)
    spacheco@craincaton.com
    KATHLEEN TANNER BEDUZE
    (TBA # 24052205)
    kbeduze@craincaton.com
    1401 McKinney, 17th Floor
    Houston, Texas 77010
    (713) 658-2323
    (713) 658-1921 (Facsimile)

*Attorneys for Andy Weiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to:

Carol A. Cantrell
Cantrell & Cantrell, PLLC
3700 Buffalo Speedway, Suite 520
Houston, Texas 77098
Facsimile: (713) 333-0550

Thomas R. Conner
Conner & Lindamood, P.C.
1221 Lamar, Suite 1010
Houston, Texas 77010
Facsimile: (713) 654-8115

by e-file, facsimile and/or certified mail, return receipt requested, on the 9th day of April, 2015.

/s/ *Kathleen Tanner Beduze*
KATHLEEN TANNER BEDUZE

3

IN RE: DANIEL STEVEN WEINER 1996 §
TRUST, §
**PLAINTIFF** §
§ IN THE  PROBATE COURT 4
VS. §
§ HARRIS COUNTY, TX
§
N/A, §
**DEFENDANT** §

## AFFIDAVIT OF DUE DILIGENCE

### On March 25, 2015 at 03:58 PM

I received a CITATION, ANDY WEINER'S COUNTER AND CROSS-PETITION, EXHIBIT A, B for service on DANIEL STEVEN WEINER. 1226 MUIRFIELD PLACE, HOUSTON, HARRIS COUNTY, TX 77055.

**On March 31, 2015 at 05:45 PM**, at 1226 MUIRFIELD PLACE, HOUSTON, HARRIS COUNTY, TX 77055 Secured community with guard gate. Waited and followed a resident inside the community. Knocked on the door and a female opened the blind at front door. Thought she was going to open the door, but I continued knocking and no one would answer the door. There were 2 vehicles parked in the driveway with Texas license plates, DP9-F400 and CY4-M541. I spoke to a female neighbor at 1223 Muirfield Place who stated that Katherine Warren and her family live at 1226 Muirfield Place. She believes there is a "Daniel" that reside at this address as well. Neighbor did not give her name.

**On April 01, 2015 at 08:20 AM**, at 1226 MUIRFIELD PLACE, HOUSTON, HARRIS COUNTY, TX 77055 Again, waited and followed a resident inside the community. Knocked on the door and no one answered the front door. There was a vehicle parked in the driveway with Texas license plates, CY4-M541.

**On April 02, 2015 at 10:45 AM**, at 1226 MUIRFIELD PLACE, HOUSTON, HARRIS COUNTY, TX 77055 Followed a resident inside the gate. No one answered the fron door. No vehicles in driveway.

**On April 04, 2015 at 11:50 AM**, at 1226 MUIRFIELD PLACE, HOUSTON, HARRIS COUNTY, TX 77055 Followed a resident inside the gate. No one answered the front door. No vehicles in driveway.

**On April 07, 2015 at 07:50 PM**, at 1226 MUIRFIELD PLACE, HOUSTON, HARRIS COUNTY, TX 77055 Waited and followed a resident inside the community. Knocked on the door and no one answered the front door. There was a vehicle parked in the driveway with Texas license plates, CY4-M541.

**On April 08, 2015 at 02:40 PM**, at 1226 MUIRFIELD PLACE, HOUSTON, HARRIS COUNTY, TX 77055 Followed a resident inside the gate. No one answered the front door. No vehicles in driveway.

My name is JANET ROBBINS. My address is 1201 Louisiana, Suite 210, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (SCH 02330, expires Thursday, March 31, 2016). My date of birth is December 14, 1964. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on Wednesday, April 08, 2015.

Client Reference#: 92865.1

DocID: 227910-001

EXHIBIT A

IN RE: DANIEL STEVEN WEINER 1996
TRUST,                                                    §§
**PLAINTIFF**

VS.

N/A,
**DEFENDANT**

IN THE   PROBATE COURT 4

HARRIS COUNTY, TX

/S/ JANET ROBBINS



**STAN STANART**
COUNTY CLERK, HARRIS COUNTY, TEXAS  **PROBATE COURT 4**
PROBATE COURTS DEPARTMENT

PROBATE COURT NO. Four (4)

### PERSONAL CITATION

THE STATE OF TEXAS    {     **DOCKET NO: 425576-401**     RECEIPT NO.    PRIVATE SERVICE
      {
COUNTY OF HARRIS     {     **ESTATE OF: THE DANIEL STEPHEN WEINER, TRUST**

DANIEL STEVEN WEINER, AND
KATHERINE WARREN a/k/a
KATHERINE WEINER
  VS.
ANDY I. WEINER

**TO: DANIEL STEVEN WEINER, 1226 MUIRFIELD PLACE, HOUSTON, HARRIS COUNTY, TEXAS 77055.**

Greetings:

You are hereby commanded to appear by filing a written contest or answer on said **ANDY WEINER'S COUNTER AND CROSS-PETITION** filed MARCH 24, 2015, (hereto attached) before the Honorable Probate Court No. Four (4), of Harris County, Texas, Civil Courthouse, 201 Caroline, Houston, Texas on or before 9:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, by filing it with the Probate Clerk, Civil Courthouse, 201 Caroline, Room 800, Houston, Texas, or mailing to P.O. Box 1525, Houston, Texas 77251-1525.

> NOTICE: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

Issued and given under my hand of said court, at Houston, Texas, this 25th day of March, 2015.

(SEAL)

                                STAN STANART, County Clerk
                                Probate Court No. Four (4)
                                201 Caroline, Room 800
                                Harris County, Texas

                                Rosa M. Infante
                                Deputy County Clerk

ATTORNEY:    KATHLEEN TANNER BEDUZE
                    1401 MCKINNEY, 17TH FLOOR
                    HOUSTON, TEXAS 77010
                    713-658-2323

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 755-6425
www.cclerk.hctx.net
Form No. I-02-158 (Rev. 10/05/2011)                               App. 16                      Page 1 of 1

**OFFICER'S RETURN**

THE STATE OF TEXAS §
COUNTY OF _____ §

PERSONALLY APPEARED before me, the undersigned authority, _____

_____, who being by me duly sworn, deposes and says that in
(Name of Serving Officer)

the County of _____, State of Texas, on day of _____, _____,

came to hand a true copy of the Citation, together with the _____, was
delivered to the person directed to be served at the following time(s) and place(s), to-wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|-----|------|------|------|-------|
| | Month | Day | Year | Hour | Min. | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Sheriff _____

Constable _____ County, Texas

Sworn to and subscribed before me, this _____ day of _____.

(SEAL)

_____
(Give name and official capacity such as Notary Public)

Fees for Serving: $_____

**OFFICER'S RETURN**

Came to hand on _____, at _____ o'clock _____.M. and

executed on _____, at _____ o'clock _____.M. by

causing a true copy hereof to be published one time at least 10 days before the return day hereof in the _____

_____, a newspaper published at _____, in Harris
County,
Texas. This return is accompanied by the affidavit of the publisher of said newspaper as required by law.

_____
Sheriff-Constable, Harris County, Texas

Fee: $_____ By _____ Deputy

**OFFICER'S RETURN**

Came to hand on _____, at _____ o'clock _____.M. and

executed on _____, at _____ o'clock _____.M. by
posting a true copy of the above Citation for ten days, exclusive of the day of posting, before the return day thereof, at the Courthouse door,
of County of Harris, State of Texas, to-wit:

_____,thru _____.

_____
Sheriff-Constable, Harris County, Texas

Fee: $_____ By _____ Deputy

Form No. I-02-79 (Rev. 09/23/2011)

## CAUSE NO. 425576-401

| | | |
|---|---|---|
| IN RE: DANIEL STEVEN WEINER, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE PROBATE COURT #4 |
| VS. | § | |
| | § | HARRIS COUNTY, TX |
| N/A, | § | |
| **DEFENDANT** | § | |
| | § | |

## RETURN OF SERVICE

**ON Friday, May 01, 2015 AT 12:15 PM** - 106 ORDER, CITATION, ANDY WEINER'S COUNTER AND CROSS-PETITION, EXHIBIT A, B **CAME TO HAND.**

**ON Tuesday, May 05, 2015 AT 11:40 AM, I, JANET ROBBINS, DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** DANIEL WARREN F/K/A DANIEL STEVEN WEINER, 1226 MUIRFIELD PLACE, HOUSTON, HARRIS COUNTY, TX 77055 **BY ATTACHING A COPY TO THE FRONT DOOR PER ORDER FOR SUBSTITUTE SERVICE.**

My name is JANET ROBBINS. My address is 1201 Louisiana, Suite 210, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (SCH 02330, Expires Thursday, March 31, 2016). My date of birth is December 14, 1964. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on Tuesday, May 05, 2015.

/S/ JANET ROBBINS

DocID: P228765_1

92865.1